MARYANNA HUDA, as Administratrix, etc., of VALENTINE HUDA, Deceased, Appellant, *v.* THE AMERICAN GLUCOSE COMPANY, Respondent.

APPEAL — ACTION FOR PERSONAL INJURY — JUDGMENT OF AFFIRM-ANCE — CODE CIV. PRO. § 191. A judgment entered upon an order of the Appellate Division of the Supreme Court overruling exceptions directed to be heard by it in the first instance, denying the motion for a new trial based thereon, and ordering judgment upon the verdict, is a judgment of affirmance, within the meaning of the provision of section 191 of the Code of Civil Procedure which prohibits appeals as of right to the Court of Appeals from a judgment of affirmance in an action for a personal injury when the decision of the Appellate Division is unanimous.

*Huda* v. *Am. Glucose Co.*, 12 App. Div. 624, appeal dismissed.

(Argued January 18, 1897; decided January 26, 1897.)

MOTION by the defendant to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made December 15, 1896, and from the judgment entered thereon.

The nature of the action and order, and the grounds of the motion, are stated in the opinion.

*John G. Milburn* for motion. No appeal lies from the order of the Appellate Division. (*D., L. & W. R. R. Co.* v. *Burkard*, 109 N. Y. 648; *Becker* v. *Koch*, 104 N. Y. 394.) The judgment appealed from is in substance the judgment of the Appellate Division. (*Martin* v. *Platt*, 131 N. Y. 641; Code Civ. Pro. §§ 191, 1227.)

*Leroy Parker* opposed. The appeal herein was taken as a matter of right to this court, as the decision of the Appellate Division and the judgment entered thereon was a final determination of the action, and although the action was one for damages through the negligence of the defendant, yet it does not come within subdivision 2 of section 191 of the Code of Civil Procedure. (*Martin* v. *Platt*, 43 N. Y. S. R. 326; *Knapp* v. *Roche*, 82 N. Y. 366; *Kilmer* v. *Bradley*, 80 N. Y. 630; *Sciolina* v. *E. P. Co.*, 151 N. Y. 50.)

*Per Curiam.* Upon the trial of this action the court directed a verdict in favor of the defendant, and ordered that the exceptions taken by the plaintiff should be heard in the first instance before the Appellate Division. After argument had in the usual way, that court overruled the exceptions, denied the motion for a new trial based thereon and ordered judgment for the defendant. The plaintiff having appealed to this court from the order so made by the Appellate Division and from the judgment entered thereon, the defendant now moves to dismiss the appeal upon the ground that this is an action to recover damages for injuries resulting in death; that the decision of the Appellate Division was unanimous and that no leave to appeal has been granted.

The motion is opposed upon the ground that the appeal is not from "a judgment of affirmance" within the meaning of section 191 of the Code of Civil Procedure, as amended by chapter 559 of the Laws of 1896. The second subdivision of that section, as thus amended, provides that "no appeal shall be taken to said (this) court from a judgment of affirmance hereafter rendered in an action to recover damages for a personal injury, or to recover damages for injuries resulting in death, * * * when the decision of the Appellate Division of the Supreme Court is unanimous, unless such Appellate Division shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, or unless, in case of its refusal to so certify, an appeal is allowed by a judge of the Court of Appeals." Several methods of reviewing a trial before a jury are provided by law, depending on the nature of the questions to be presented to the appellate court. Where a review of the facts, or of both the facts and law, is desired, one method may be pursued, and when a review of the law only is desired, another method. When there is no dispute as to the facts, the exceptions may be ordered to be heard in the first instance by the Appellate Division, but upon such a review the exceptions only can be considered. (Code Civ. Pro. § 1000.) While the form of procedure is a motion for a new trial, it is in fact an appeal, the object being to ascertain which party is entitled to judgment, which is in the meantime suspended. If the exceptions are overruled, judgment is ordered for the party in whose favor the verdict was rendered; but if they are sustained and the verdict set aside, judgment is directed in favor of the party against whom the verdict was rendered. Thus, in the one case the verdict is affirmed, while in the other it is reversed. The judgment entered is of affirmance or reversal of the verdict. No appeal lies from the order of the Appellate Division, which is simply written authority upon which to enter the judgment, but only from the judgment when entered. (*Becker* v. *Koch,* 104 N. Y. 394–398; *D., L. & W. R. R. Co.* v. *Burkard,* 109 N. Y. 648.) There is no distinction

in principle between this method of review and the one usually adopted by appealing from the judgment rendered by the trial court. Both have the same object and differ only as to the form of attaining it. There is no difference in effect. While the judgment of the Appellate Division does not affirm a judgment, it affirms the action of the trial court, and may fairly be regarded as a judgment of affirmance within the meaning of section 191 of the Code as last amended. The object of that amendment was to further restrict the jurisdiction of this court and the right of appeal thereto, and we think that the legislature intended that it should apply to every final judgment of the Appellate Division in the class of actions mentioned, which determines the controversy on the merits and affirms the action of the court below.

The motion to dismiss should be granted; but as the question is new, without costs, and as no application for leave to appeal has been made, without prejudice to such an application.

All concur.

Motion granted.