DANIEL McNAMARA, Appellant, *v.* S. ORMOND GOLDAN, Respondent.

Appeal — when judgment that of Appellate Division and not of Special Term — libel — pleading — when extrinsic facts must be alleged.

Where the judgment of the Special Term was not entered pursuant to any decision made by it, but solely in compliance with the mandate of the Appellate Division, and the Special Term had no power to pass

upon the merits of the case, the judgment is that of the Appellate
Division and not of the Special Term. In such case the judgment,
although a unanimous affirmance, does not affirm the action of the trial
court, but reverses it, and an appeal lies to this court. Per CULLEN, Ch. J.

A letter claimed to be libelous did not charge the person therein referred
to with the commission of a crime, nor of any act or conduct entitling
plaintiff to damages without proof of extrinsic facts. *Held*, that it was
necessary for the plaintiff to plead extrinsic facts to show that the words
used in the letter are actionable. As the letter is not defamatory and
libelous *per se*, it was also necessary for plaintiff to allege and claim
special damages arising from its publication. Per CHASE, J.

*McNamara* v. *Goldan*, 122 App. Div. 922, affirmed.

(Submitted January 26, 1909; decided February 9, 1909.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
January 2, 1908, which affirmed a final judgment in favor of
defendant, entered upon an order of Special Term, after the
reversal by such Appellate Division of an interlocutory judg-
ment of Special Term overruling a demurrer to the complaint.

Plaintiff alleges that the defendant "contriving and wick-
edly and maliciously intending to injure the plaintiff in his
good name, fame and credit, and to bring him into public
scandal, infamy and disgrace with and amongst all his neigh-
bors and other good and worthy citizens, and to cause it to be
suspected and believed by these neighbors and citizens, that
the said plaintiff had been and was guilty of the offenses and
misconduct hereinafter mentioned to have been made and
charged upon him by the said defendant, and to vex, harass
and oppress him, did falsely, wickedly and maliciously, com-
pose and publish and cause and procure to be published of
and concerning him, said plaintiff, the following false,
malicious and defamatory libelous letter:

                          "NEW YORK, *Sept.* 12, 1905.
"The Rev. Father JOHN COLLINS,
                 "Fordham, St. John's College,
                                   "New York City:
"MY DEAR SIR.— When with Mr. Macnamara I last saw
you, you informed us that you would interview the young

man as to the anonymous letters (the defendant thereby referring to and writing of certain obscene letters received by various persons through the mails and well known to said Father Collins and others to have been so received) and that if there was any further complaint, he would be discharged from your institution.

" Since this time, this man has been sent for by the Postal Authorities, and voluntarily wrote for them, thereby disclosing the authorship of all the anonymously written letters (referring to said obscene letters). At this time all letters (referring to said obscene letters) stopped for a time, only to begin again after the matter had in a sense quieted.

" These letters (referring to said obscene letters) are still being written, three having been received by different persons two weeks ago, and two yesterday. I have now evidence which proves conclusively that the man in your institution and no one else is actually writing these letters (referring to said obscene letters), though, no doubt others are inspiring some of the contents. While one of the assistant district attorneys stated that it was a moral certainty as to who wrote those letters (referring to said obscene letters), still there was not sufficient evidence to proceed against him criminally. This evidence is, however, sufficient I believe, for you to take some action upon, even if it involved this man's discharge, which possibly might result in stopping the vile practice.

" Please understand that both Mr. Macnamara and myself are absolutely dispassionate in the matter, the man is certainly an entire stranger to me and practically so to Mr. Macnamara, but, having shown himself as the author of these letters (referring to said obscene letters) I feel that you will agree with others and myself, that he should be punished. Trusting that with your kind help we may succeed in at least stopping this practice, I am,

                    " Most sincerely yours,
                              " J. ORMOND GOLDAN."

The only other allegation in the complaint, except the general allegation of damages, is as follows :

" That the defendant by composing and publishing and causing to be published the above letter, meant and charged that this plaintiff had been and was guilty of the crime of sending obscene letters through the mails."

A demurrer to the complaint was interposed by the defendant upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. An interlocutory judgment was entered at the Special Term overruling the demurrer, from which an appeal was taken to the Appellate Division. The Appellate Division reversed said interlocutory judgment and sustained the demurrer and the defendant was given leave to amend his complaint within twenty days on payment of costs, but such order of reversal did not direct in regard to the entry of final judgment. An interlocutory judgment was entered upon such order. The plaintiff failed to amend his complaint and upon motion a final judgment was entered at the Special Term dismissing plaintiff's complaint on the merits. An appeal was taken from such final judgment to the Appellate Division where it was unanimously affirmed. It is from such judgment of affirmance that the appeal is taken to this court.

*Joseph N. Tuttle* for appellant. The appeal is properly before this court. (*Abbey* v. *Wheeler,* 170 N. Y. 122 ; *Leonard* v. *Pierce,* 182 N. Y. 431; *Leonard* v. *Barnum,* 168 N. Y. 41.) The letter complained of is libelous on its face. (Odgers on Libel & Slander, 38 ; *Morey* v. *M. J. Assn.,* 123 N. Y. 207 ; *More* v. *Bennett,* 48 N. Y. 472; *Morrison* v. *Smith,* 177 N. Y. 366.)

*Alfred Steckler* and *Levin L. Brown* for respondent. There is no averment of extrinsic facts in the complaint to show that the " anonymous " letters referred to in the communication complained of were " obscene " letters. (*People* v. *Danihy,* 63 Hun, 579; *McCarthy* v. *McCarthy,* 40 Misc. Rep. 181 ; *Zinserling* v. *Journal,* 26 Misc. Rep. 591 ; *Town of Ontario* v. *First Nat. Bank,* 59 Hun, 29; *Woolsey* v. *Sunderland,* 47 App. Div. 86 ; *Cassidy* v. *B. D. Eagle,* 138

N. Y. 239; *Morgan* v. *Bennett*, 40 App. Div. 619; *Haupt-ner* v. *White*, 81 App. Div. 153; *G. P. F. Co.* v. *P. F. Co.*, 81 Hun, 51; *Gideon* v. *Dwyer*, 87 Hun, 250; *Crashley* v. *Press Pub. Co.*, 179 N. Y. 27; *Dias* v. *Short*, 16 How. Pr. 322; *Nealon* v. *Frisbie*, 11 Misc. Rep. 12.)   Where a publication is not libelous *per se*, it cannot be made so by innuendo. (*Ratzel* v. *N. Y. N. P. Co.*, 67 App. Div. 598; *Verbeck* v. *Duryea*, 36 Misc. Rep. 243; *Fleischmann* v. *Bennett*, 87 N. Y. 233; *Woodruff* v. *Bradstreet Co.*, 116 N. Y. 221.) There is no sufficient averment of extrinsic facts in the complaint to show that the defendant intended to and did charge the plaintiff with sending the anonymous letters through the mails. (*Van Ingen* v. *Mail & Expr. Pub. Co.*, 156 N. Y. 386; *Hauptner* v. *White*, 81 App. Div. 153; *Stromberg* v. *Tribune Assn.*, 88 App. Div. 589; 178 N. Y. 610; *Corr* v. *Sun P. & P. Assn.*, 177 N. Y. 131; *Fleischmann* v. *Bennett*, 87 N. Y. 231.)

Cullen, Ch. J.   I think that the appeal in this case is properly before the court, though no leave to appeal has been granted.   The action is one of the class in which, under subdivision 2 of section 191 of the Code of Civil Procedure, an appeal cannot be taken to this court from a unanimous decision by the Appellate Division.   Technically there has been a unanimous affirmance of the judgment in this case, because under section 1336 of the Code of Civil Procedure and the decision of this court in *Leonard* v. *Barnum* (168 N. Y. 41), where the Appellate Division reverses an interlocutory judgment and an order at Special Term is subsequently entered thereon, the unsuccessful party must go through the formality of another appeal to the Appellate Division, though in case of an affirmance he can appeal directly to this court from the judgment of the Special Term.   But though the judgment is literally within the terms of section 191 it is not within its spirit.   It is only a judgment of affirmance by the Appellate Division that precludes an appeal to this court without leave. Here the determination of the Appellate Division which led

to the subsequent entry of the judgment at Special Term was not of affirmance but of reversal. The spirit and intention of the Code is that where both the court of first instance and the Appellate Division unanimously concur in the disposition of an action an appeal shall not be taken as a matter of right. It is only in such a case that the right to appeal is limited. In the case before us the Special Term and the Appellate Division were not in accord, but the first court decided the action one way and the appellate court the opposite way. The judgment of the Special Term was not entered in pursuance of any decision made by it, but solely in compliance with the mandate of the Appellate Division, which directed that unless the plaintiff served an amended complaint the action should be dismissed. The Special Term had no power to examine or pass upon the merits of the case. Therefore, essentially, the judgment was a judgment of the Appellate Division and not that of the Special Term. At this term we have dismissed an appeal in the case of *Rahm* v. *N. Y. C. & H. R. R. R. Co.* (194 N. Y. 572). In that case, instead of appealing from an adverse judgment, the plaintiff made a motion at the Trial Term to set aside the verdict and for a new trial, and from a denial of that motion appealed to the Appellate Division, where the order of the Trial Term was unanimously affirmed. Thereupon judgment was entered and, under section 1336 of the Code of Civil Procedure, plaintiff brought an appeal directly to this court, as she was empowered to do. We had, therefore, no unanimous judgment of affirmance by the Appellate Division and, technically, no judgment at all of that court. But, by the affirmance of the order denying a motion for a new trial, the Appellate Division unanimously approved of the disposition of the case by the trial court. We held that this was the same in substance as a unanimous affirmance of the judgment of the trial court had a judgment been entered on the verdict in that court and an appeal been taken from that judgment. We followed in that respect the decision in *Huda* v. *American Glucose Co.* (151 N. Y. 549, 552), where it is said : " While the judgment of the Appellate Division does not affirm

a judgment, it affirms the action of the trial court, and may fairly be regarded as a judgment of affirmance within the meaning of section 191 of the Code." The converse of the principle is equally applicable here. Though the judgment of the Appellate Division is a unanimous affirmance, it does not affirm the action of the trial court, but reverses it, for the judgment which it affirms was that entered solely by virtue of its own mandate.

On the merits I agree with the opinion of Judge Chase that the judgment should be affirmed, with costs.

Chase, J. The letter does not charge the person therein referred to with the commission of any crime defined by statute or known to the common law, nor of any act or conduct entitling the plaintiff to damages without proof of extrinsic facts. The only charge in the letter is that anonymous letters have been written and mailed to various persons. The words " vile practice " do not, so far as appears from the letter, refer to anything other than the fact of writing anonymously. It does not appear from the letter that the anonymous letters complained of were not in themselves entirely innocent; in fact it contains a statement that an assistant district attorney had said " that it was a moral certainty as to who wrote those letters, still there was not sufficient evidence to proceed against him criminally." It was, therefore, necessary for the plaintiff to include in his complaint allegations of extrinsic facts to show that the words used in the letter are actionable. As the letter is not defamatory and libelous *per se* it was also necessary for the plaintiff to allege and claim special damages arising from the publication of the letter. (*Crashley* v. *Press Publishing Co.*, 179 N. Y. 27.)

It is provided by section 535 of the Code of Civil Procedure that " it is not necessary, in an action for libel or slander, to state, in the complaint, any extrinsic fact, for the purpose of showing the application to the plaintiff, of the defamatory matter; but the plaintiff may state, generally, that it was published and spoken concerning him." This pro-

21

vision does not obviate the necessity of pleading extrinsic facts necessary to show that the publication of the letter is actionable. The office of the innuendo is to explain the meaning and application of the charge contained in the libel, but it cannot be used for the purpose of alleging new matter and extrinsic facts necessary in connection with the alleged libelous publication to constitute a cause of action.

The questions involved on this appeal are discussed in an opinion of this court handed down this day ( *Van Heusen* v. *Argenteau, ante,* p. 309) which make it unnecesary to further extend this opinion upon the question of the sufficiency of the complaint.

The judgment dismissing the complaint was properly affirmed by the Appellate Division.

I am of the opinion, however, that the appeal should be dismissed. Section 191 of the Code of Civil Procedure provides : "No appeal shall be taken to said court from a judgment of affirmance hereafter rendered in an action to recover damages for a personal injury, * * * when the decision of the Appellate Division of the Supreme Court is unanimous, unless such Appellate Division shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, or unless in case of its refusal to so certify, an appeal is allowed by a judge of the Court of Appeals." Personal injury includes libel. (Code of Civil Procedure, § 3343, subd. 9.)

This appeal comes squarely within the letter of the statutory prohibition. It is urged that, although this appeal is within the letter of the prohibition it is not within the spirit thereof, because the final judgment at Special Term was entered by reason of the plaintiff's failure to amend his complaint and not upon an independent consideration of the sufficiency thereof. It is also urged that the Special Term originally decided that the complaint stated facts sufficient to constitute a cause of action and that the final judgment entered therein, although in form in favor of the defendants, was not one that made the judgment of affirmance in the Appellate Division a

unanimous affirmance of the Special Term within the spirit of said statutory prohibition. The final judgment entered at Special Term was based not alone upon the failure of the plaintiff to amend his complaint, but also in accordance with the opinion of the Appellate Division upon the insufficiency of the complaint as served to state a cause of action and it was in form and in fact upon the merits.

I am of the opinion that appeals to this court contrary to the letter of said section 191, as well as appeals that are contrary to the spirit of that section, like *Huda* v. *Amer. Glucose Co.* (151 N. Y. 549) and *Rahm* v. *N. Y. C. & H. R. R. R. Co.* (194 N. Y. 572), should not be heard unless a certificate is granted by the Appellate Division or the appeal is allowed by a judge of this court as provided by said section. A majority of the court, however, do not agree with me in holding that this appeal should be dismissed and I will, therefore, vote with them on the merits.

The judgment should be affirmed, with costs.

GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., agree with CULLEN, Ch. J., as to question of practice; CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur with CHASE, J., on the merits.

Judgment affirmed.