BERT F. COOPER, Respondent, *v.* ROCHESTER ICE CREAM COMPANY, Appellant, Impleaded with Another.

Libel — jury must determine true meaning of words susceptible of two constructions, one defamatory and the other innocent.

1. Words *prima facie* defamatory may yet have an innocent meaning when considered in the light of circumstances known to the reader. The rule is that the choice between these alternative constructions, one disgraceful and the other innocent, must be made by the jury.

2. The evidence in an action for libel examined, and *held*, that the writing complained of is susceptible of two constructions, one defamatory and the other innocent, and that it was for the jury, and not the judge, to determine the true meaning.

*Cooper* v. *Rochester Ice Cream Co.*, 152 App. Div. 900, reversed.

(Argued June 9, 1914; decided July 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 28, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter Jeffreys Carlin* for appellant. The language complained of is not libelous *per se*. (Odgers on Libel & Slander, 93; *Hemmens* v. *Nelson*, 138 N. Y. 517; *Morrison* v. *Smith*, 177 N. Y. 369; *Hayes* v. *Ball*, 78 N. Y. 418; *Reporters' Assn.* v. *Sun P. & P. Co.*, 186 N. Y. 437.) The letter in question was privileged. (*Klinck* v. *Colby*, 46 N. Y. 427; *Hamilton* v. *Eno*, 81 N. Y. 116; *Bowsky* v. *Cimiotti Unhairing Co.*, 72 App. Div. 173; *Ashcroft* v. *Hammond*, 197 N. Y. 488; *Bingham* v. *Gaynor*, 203 N. Y. 27; *Lovell Company* v. *Houghton*, 116 N. Y. 525; *Krug* v. *Pitass*, 162 N. Y. 154.) The letter does not libel plaintiff in his business. (Townshend on Libel & Slander, § 194; *Foot* v. *Brown*, 8 Johns. 50.)

*Louis E. Fuller* for respondent.   The appellant places
a wrong construction and a wrong purpose on the libel-
ous language, which was clearly libelous *per se.*   (*Titus*
v. *Sumner,* 44 N. Y. 266; *More* v. *Bennett,* 48 N. Y. 472;
*Breen* v. *N. Y. H. Co.,* 55 Misc. Rep. 567; *Hughes* v.
*N. Y. E. P. Co.,* 115 App. Div. 611; *Wuest* v. *Brooklyn
Citizen,* 102 App. Div. 480; *Bergstrom* v. *Ridgeway Co.,*
53 Misc. Rep. 95.)   This publication is clearly not within
the privileged class.   (*Lovell Co.* v. *Houghton,* 116 N. Y.
525; *Daniel* v. *N. Y. News Pub. Co.,* 51 N. Y. S. R.
118; 142 N. Y. 660; *Holmes* v. *Jones,* 147 N. Y. 59.)

CARDOZO, J.   The action is for libel.   The plaintiff is
a manufacturer of ice cream.   The defendant is one of
his competitors.   Among the plaintiff's customers was a
dealer by the name of Garvey.   The defendant was
anxious to win Garvey's custom for itself.   In that hope it
sent a salesman to solicit the coveted trade.   On the sales-
man's return, he reported to the defendant a conversation
between himself and Garvey's wife.   She told him, so, at
least, he reported, that the plaintiff's cream was satisfac-
tory; that in all their dealings there had been but one
occasion when there was anything wrong about it; and
that on that occason when she asked the plaintiff for an
explanation because of her customers' complaints, he
informed her that for once he had fallen short of his own
cream, and furnished her with cream which he had
bought from the defendant.   Mrs. Garvey contradicts the
salesman, and says that no such conversation occurred.
Incensed at this report, the defendant's manager mailed
to Garvey a circular extolling the defendant's products,
to which he added in his own handwriting the following
postscript: " We understand from several different sources
that you received some cream from Mr. Cooper last
season that was away off, no good, which the said Mr.
Cooper claims he bought from us.   We wish to say to you
that we never sold an ounce of cream to the said Mr.

Cooper since we have been in business, and we write these few lines to prove that our cream is all O. K., and the kind of a man this Cooper is."

The trial judge instructed the jury that if Mrs. Garvey had in fact made to the defendant's salesman the statements reported by him to his superiors, the letter written in defense of the quality of the defendant's cream was privileged, and the defendant was entitled to a verdict in its favor. If, however, the jury found that Mrs. Garvey had made no such statements, then they were instructed that, as a matter of law, the letter was defamatory and that their verdict must be for the plaintiff, at least for some amount. To the latter ruling there was an exception by the defendant.

We think that the writing is susceptible of two constructions, one defamatory and the other innocent, and that it was for the jury, and not the judge, to determine the true meaning. On the one hand, the letter might mean that the plaintiff, to the knowledge of the writer, was the kind of man who would lie about his competitor's products in order to help himself. On the other hand, it might simply mean that if the plaintiff had made the statements imputed to him, the writer wished Garvey to understand that they were untrue. Whether he had made them or not was something that Garvey knew. The case is, therefore, one where words, *prima facie* defamatory, may yet have an innocent meaning when considered in the light of circumstances known to the reader. (Odgers on Libel and Slander [4th ed.], p. 116.) It is one thing to say of a man: "I know him to be the kind of a man who would slander his rival's business, and his statement to you is merely additional proof of it." It is another thing to say: "If he did make such a claim to you, you can draw your own conclusions about him." The rule is that the choice between these alternative constructions, one disgraceful and the other innocent, must be made by the jury. (*Sanderson* v. *Caldwell*, 45 N. Y.

398; *Hayes* v. *Ball,* 72 N. Y. 418, 421; *Garby* v. *Bennett,* 40 App. Div. 163; 166 N. Y. 392; *Demos* v. *N. Y. Evening Journal Pub. Co.,* 210 N. Y. 13, 19.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.