# COURT OF GENERAL SESSIONS — COUNTY OF NEW YORK.

## September, 1921.

## THE PEOPLE v. WILLIAM C. MOORE.

### (116 Misc. 525.)

(1) INDICTMENT—LIBEL—DEMURRER.

An indictment charged that defendant did wilfully and unlawfully publish of and concerning one D., the president of a Delaware corporation, an article in part as follows: "OILS.—MEX. PETE.—Likely to go lower. I believe the head of this corporation is lying about the oil situation. I understand he gives Hearst $25,000 every three months. Is it for trying to hurt England and to help the Sinn Feiners? I never read a Hearst paper. Few genuine Americans do." *Held*, that although the article itself did not specifically name D., the reference to the head of the corporation, supported by the allegation of the indictment that D. was the president, was sufficient on demurrer.

(2) SAME—STATEMENT LIBELOUS PER SE.

The statements in the article of alleged payments by complainant to Hearst were not libelous *per se* and may not be rendered so by resort to an innuendo contained in the indictment, in support of which no facts were set forth.

(3) SAME.

The statement in the article, "I believe the head of this corporation is lying about the oil situation," is libelous *per se*, and an innuendo setting forth a meaning which is not borne out by the words themselves may be treated as surplusage.

DEMURRER to indictment charging the defendant with the crime of libel.

*Millard H. Ellison (John J. Lordan,* with him on the brief), for demurrer.

*Edward Swann, District Attorney (William R. Maloney,* of counsel, *Felix C. Benvenga,* with him on the brief), in opposition.

NOTT, J.:

The following are briefly the facts alleged in the indictment: That on the 24th day of May, 1921, the Mexican Petroleum Company was a Delaware corporation engaged in the oil business; that Edward L. Doheny was its president; and that the defendant owned and published a certain publication called a market letter, distributed in the county of New York; and that on the said day the defendant did wilfully and unlawfully publish of and concerning the said Doheny an article of which the following quotation embraces the part complained of: " Oils.—Mex. Pete.—Likely to go lower. I believe the head of this corporation is lying about the oil situation. I understand he gives Hearst $25,000 every three months. Is it for trying to hurt England and to help the Sinn Feiners? I never read a Hearst paper. Few genuine Americans do."

In addition to the above allegations of fact, the indictment contains an innuendo alleging that by said article it was meant and intended to be meant that the said Doheny had theretofore caused it falsely to be reported that one of the oil wells owned by the said company had begun shortly theretofore to produce oil and that he had caused the said report to be circulated for the purpose of inducing persons to purchase and hold the stock of the said corporation.

No facts, however, are set forth in the indictment supporting the allegations of the innuendo.

Although the article does not name Doheny specifically, I think that the reference to the head of the corporation, supported by the allegation of fact in the indictment that Doheny was the president of the corporation, is sufficient upon demurrer. An action for libel may be maintained where the complainant is described in the libelous matter directly or indirectly, without his name, and is pointed out so that it is capable of direct proof that he was intended. (Fleischman v. Bennet, 87 N. Y. 231.)

The question then arises whether the words set forth in the

indictment are libelous. It is evident that the statements as to alleged payments by the complainant to Hearst are not libelous *per se;* that is to say, that to render them libelous the indictment should contain allegations of fact showing them to be so. (McNamara v. Golden, 194 N. Y. 315.) The innuendo cannot be resorted to for this purpose as it does not take the place of facts pleaded. The only purpose of the innuendo is to explain the meaning of the words alleged to be libelous and it cannot enlarge or change the sense of the words used. (Gibson v. Sun Printing Association, 71 App. Div. 566; Maerlender v. Porter, 114 id. 180.) Therefore, that part of the article cannot be held to be libelous.

The remainder of the article states: " I believe the head of this corporation is lying about the oil situation." If the allegation that a man is lying or is a liar is libelous *per se,* no innuendo ·is needed, and if an innuendo is set forth which is not borne out by the words, it may be treated as surplusage and judgment rendered on the words themselves. (Cafferty v. Southern Tier Publishing Company, 226 N. Y. 87.)

" Oral words imputing to another want of veracity, or charging that he has told a falsehood, or has lied, are not actionable *per se,* but it is otherwise where such charge is made in writing, written words imputing want of veracity being actionable without proof of special damage, and a written charge that another is untruthful may be made the basis of a criminal libel." (18 Am. & Eng. Ency. of Law [2d Ed.], 920, and cases there cited.) The demurrer, therefore, must be overruled.

Ordered accordingly.