WILLIAM B. PERRY, Plaintiff, *v.* NEWS SYNDICATE Co., INC., Defendant.

Supreme Court, Special Term, New York County, July 13, 1950.

*James W. Rodgers* and *Andrew L. Hughes* for defendant.

*George B. Fargis* for plaintiff.

GREENBERG, J. The plaintiff is a lawyer of many years' standing, admitted to practice in the State of Massachusetts, and actively engaged in the practice of his profession. The defendant publishes a Sunday newspaper called *Sunday News*. In its issue of February 13, 1949, the defendant published an article concerning a proceeding before Judge MAYHEW R. HITCH of the Probate Court, which was one to obtain the custody of a four-year-old girl whose mother had arranged with a Mr. and Mrs. Hirshons to board the child. The child's mother and grandparents sought to obtain custody of the child; so did the Hirshons. The article stated that plaintiff and Judge HITCH were formerly law partners; that in the proceeding before Judge HITCH the attorney for the Hirshons was the plaintiff herein; that Judge HITCH awarded the custody of the child to the Hirshons, and after rendering such decision, resigned from the Bench a few days later and returned to the law partnership with the plaintiff.

The article contained the following matter which plaintiff alleges and maintains is libelous per se: " In the end, Judge HITCH decided both parents were unfit, and the grandparents unqualified to have Camille and so awarded a guardianship to in this statement of facts I cannot refrain from expressing the the Hirshons, who ' have proved their love and devotion to the child '." In conclusion he remarked. ' While it is out of place wish that the parties involved forget the animosities arising

from a contested trial and for the undoubted best interest and welfare of the child that the parents consent to this petition or better still, to the adoption of Camille by the petitioners.' Judge HITCH, an elderly gentleman, resigned from the Bench a few days later. He was formerly a law partner of William Perry, attorney for the Hirshons, and has returned to that partnership.''

Paragraph 7 of the complaint alleges that by said publication and by the matter set forth above, the defendant '' meant and intended to charge, and did charge, that the plaintiff was guilty of conspiring with a Judge of a Court of the Commonwealth of Massachusetts, to criminally pervert, obstruct, influence and control the administration of justice and the decision of said Court and Judge, and did, illegally, underhandedly and unethically influence, control, pervert and fix the decision of a Judge. and Court of justice of the Commonwealth of Massachusetts, and did conspire with and unethically and criminally cause a decision to be rendered in favor of his client solely as a result of said unethical criminal conspiracy, and not as a result of the laws and facts involved in said litigation, and that except for said criminal and unethical conspiracy and influence said decision of said Judge or Court would or might have been different, and that the plaintiff did thereby violate his oath of office and did conspire to have a Judge violate his oath of office.''

It is the defendant's contention that the article complained of is not libelous per se of plaintiff either as a person or as an attorney, and that the complaint should be dismissed for the following reasons: (1) That the article complained of does not contain any statement which is to the discredit of plaintiff and which is libelous on its face; (2) that the innuendo alleged in the complaint is not reasonable; that it is unsupported by any of the language contained in the article complained of and that there are no facts pleaded extrinsic to that article which in anywise supports the innuendo pleaded; (3) that the complaint fails to plead any special damages and is, therefore, insufficient in law.

Considering the article as a whole, as it must be considered, and in the light of its ordinary meaning, that is, the meaning which would be conveyed to the mind of the average person reading the newspaper, it must be concluded that the defendant intended to, and did, implant the idea that the plaintiff had tampered with the processes of justice and had influenced a decision in his favor because of his former partnership with the

Judge and his contemplated reassociation with the same Judge. Such a charge reflects upon the integrity of the plaintiff as a member of the Bar and imputes to him conduct both unethical and illegal. (See *Kleeberg* v. *Sipser,* 265 N. Y. 87, 91.)

The language complained of is, therefore, libelous per se and the allegation of special damages is unnecessary. The fact that an innuendo was pleaded does not require a holding that the language in the article was not libelous per se. The innuendo is surplusage and may be disregarded (*Day* v. *Chamber of Commerce of United States,* 239 App. Div. 447, affd. 264 N. Y. 522).

The defendant urges strongly that should the article contain a libel, it is against the Judge and not against the attorney, the plaintiff in this action. Such argument closes its eyes to the plain meaning and intent of the language used. The very fact that the writer of the article used the words complained of, which were not at all necessary to a complete recital of the facts or the story, shows that its purpose was to add spice to the article by charging the plaintiff with unprofessional conduct.

The test is not what a keen and discriminating mind would delineate from the article but whether the natural import of the article is such as to carry the implication to or strike the mind of the average reader of a newspaper that plaintiff's conduct was unethical and was resorted to in order to corrupt the Judge and the administration of justice.

The motion to dismiss the complaint is, therefore, denied.