WILLIAM W. ANDREWS, Appellant, v. HAROLD C. KIMBALL, Respondent.— In an action for damages alleged to have been caused by the publication of alleged defamatory statements concerning plaintiff in relation to his business as publisher of a magazine, he appeals from a judgment dismissing the complaint at the end of his case. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. It was for the jury to say whether the meanings given by the innuendoes to the first, third, fourth, sixth and seventh statements of the published matter were the true meanings and the publication tended to prejudice appellant in his business and whether respondent participated in the preparation and publication of the alleged defamatory statements. The innuendo annexed to the fifth statement contains an averment of fact which has no place in an innuendo. (*McNamara* v. *Goldan,* 194 N. Y. 315.) That innuendo and the innuendoes annexed to the second and eighth statements are not warranted. The entire article could be construed to mean that the members of the association had failed to receive the usual issue of the magazine because of a violation of the agreement which the appellant had made with the association of which the respondent was president, that the appellant had failed to co-operate with the officers of the association in the publication of the magazine, that he had made personal attacks upon them and spread baseless gossip when the officers attempted to co-operate in the publication, and that he had breached his contract and threatened suit, which required action by the association to protect the membership. If so construed, the jury could have found that the article would have a tendency to prejudice appellant.

The Court of Appeals in *Moore* v. *Francis* (121 N. Y. 199, 204) has approved the following statement of the principle that governs: " ' Whatever words have a tendency to hurt, or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable.' When proved to have been spoken in relation thereto, the action is supported, and unless the defendant shows a lawful excuse, the plaintiff is entitled to recover without allegation or proof of special damage, because both the falsity of the words and resulting damage are presumed." Carswell, Johnston and MacCrate, JJ., concur; Nolan, P. J., dissents and votes to affirm. The publication complained of was not defamatory upon its face, and plaintiff was consequently required to plead and prove facts showing pecuniary damage. (*McNamara* v. *Goldan,* 194 N. Y. 315; *O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352.) Schmidt, J., not voting.