Edward O. MUELLER, Plaintiff,

v.

RAYON CONSULTANTS, INC., and William R. Schmitz, Defendants.

United States District Court
S. D. New York.

Feb. 19, 1959.

Spar, Schlem & Burroughs, New York City, for plaintiff, Leon B. Savetsky, New York City, of counsel.

Reid & Priest, New York City, for defendants, Ralph M. McDermid, Robert George Schuur, New York City, of counsel.

DAWSON, District Judge.

In this action for libel the defendants moved, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the amended complaint for failure to state a claim. Federal jurisdiction rests on diversity of citizenship.

The alleged libel consists of three business letters. Each business letter forms the basis for a separate alleged cause of action. The business letters underlining the first and second causes of action constitute an exchange of communications, concerning certain equipment then under construction, between defendants and a Dutch client. The third letter, upon which the alleged third cause of action is based, was written by defendants to a business client in Cuba with whom plaintiff hoped to do business. Plaintiff, it is alleged, is a person highly and uniquely skilled and versed in the production of the material commonly known as "cellophane;" he enjoyed a world-wide reputation for his ability, competency, efficiency, skill and honesty, and was employed by the defendants for approximately ten years prior to February 1958 in a position of substantial responsibility. In February 1958 plaintiff resigned from his employment and terminated all business and professional connections with the defendants. He immediately thereafter entered the professsion as an independent consulting engineer and notified various individuals, companies, corporations and other business concerns throughout the world of his availability as an independent consulting engineer.

It is alleged that defendants had full knowledge and notice of this action of plaintiff and several days after the termination of his employment defendants contracted with and hired the plaintiff to act as an independent consulting engineer. During the month of February 1958, subsequent to the termination of plaintiff's employment, the defendants allegedly drafted, dictated and caused to be typed and sent through the mails a letter addressed to a client in Holland. This letter allegedly dealt with the competency and conduct of the plaintiff in his professional capacity.

Following the receipt of this letter the client in Holland replied to the communication and it is alleged that said reply letter contained words concerning and relating to the plaintiff in his profession, and that defendants, upon receipt of this letter, willfully, intentionally and maliciously distributed, circulated and published said letter among various members of the industry throughout the world.

In February 1958 the complaint further alleges defendants drafted, dictated and caused to be typed by a person other than themselves a letter addressed to one James B. Hedges in Havana, Cuba. It is alleged that defendants knew that Mr. Hedges was a potential future client and customer of the plaintiff, in relation to his profession and calling as an independent consulting engineer. This letter was related to and commented upon the professional reputation and ability of the plaintiff as an expert in the synthetic transparent film industry.

Plaintiff further alleges that the actions of the defendants, with reference to these three letters, were intended to and did injure the plaintiff in the practice of his said profession and calling, and held him up to disrepute and ridicule and discredited him in the practice of his profession and calling as an independent consulting engineer in the synthetic transparent film industry. This damage allegedly occurred among potential clients and customers of plaintiff's services in the United States and various foreign countries. For these alleged acts of defendants, plaintiff seeks recovery.

The allegations of the amended complaint do not include any reference to special damages. Defendants maintain that the rule of law in New York is that in an action in libel *per quod* plaintiff must allege special damages.

The sole question before this Court is whether or not the complaint sets up a sufficient cause of action in libel so as to withstand the attack of a motion to dismiss for failing to state a claim.

Federal jurisdiction of this case rests upon diversity of citizenship. The substantive rights of the parties are to be determined according to local New York law. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The defendants maintain that the controlling law in New York with reference to libel is that unless libel *per se* is alleged the plaintiff must have a specific allegation as to special damages. The defendants cite in support of their contention the case of O'Connell v. Press Publishing Co., 1915, 214 N.Y. 352, 108 N.E. 556. This case has been commonly cited for various shades of the proposition for which defendants cite it. About the clearest rule that can be obtained from this case, and subsequent decisions that comment on this case, is that where no special damage is pleaded the plaintiff may only maintain his complaint by eventually establishing that the article is libelous *per se*. Sydney v. MacFadden Newspaper Publishing Corp., 1926, 242 N.Y. 208, 151 N.E. 209, 44 A.L.R. 1419.

New York courts, subsequent to the O'Connell decision, have spoken in terms of allowing a statement which could be libelous to go to the jury for eventual determination. The New York Court of Appeals has, from time to time, refused to follow the narrow definition of the O'Connell case. See, Braun v. Armour & Co., 1930, 254 N.Y. 514, 173 N.E. 845; Ben-Oliel v. Press Publishing Co., 1929, 251 N.Y. 250, 167 N.E. 432.

Defendants in this action seek a dismissal on the grounds that plaintiff

has not complied with the pleading requirements of the New York rule. It is important to note that in federal jurisprudence the pleading requirements are far more liberal than they are under New York State practice. What may be insufficient in the New York courts need not necessarily be insufficient in this forum.

■ The Federal Rules have avoided one of the sore spots of code pleading. The federal courts are not hampered by the morass of decisions as to whether a particular allegation is one of fact, evidence or law. All that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, 775. There is no requirement that the pleadings state facts in a certain manner or any requisite number. The courts have recognized that the function of pleadings under the Federal Rules is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial. It has been held that a generalized summary of the case affords fair notice and that is all that is required. Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631; MacLeod v. Cohen-Erichs Corp., D.C.S.D.N.Y.1939, 28 F.Supp. 103; 2 Moore, Federal Practice, p. 1649.

■ Though this Court must follow New York substantive law in the determination of what constitutes a libel, it is not bound by the particularity of the New York State rules of pleading.

■ In this action plaintiff maintains that these letters constitute a libel *per se*. This contention is based upon the fact that this is a business libel. He is a professional man allegedly doing a worldwide business. That the rules in libel are different when we come to attacks upon a man's profession is clear. Statements imputing want of competency or fitness in the conduct of a business profession, trade or employment are ordinarily actionable *per se*. 53 C.J.S. Libel and Slander § 33 (1948).

■ The basic rule in New York enunciating the definition of a business libel is found in Moore v. Francis, 1890, 121 N.Y. 199, 23 N.E. 1127, 1128, 8 L.R.A. 214, where the court stated:

"The law allows this form of action not only to protect a man's character as such, but to protect him in his occupation, also, against injurious imputations. It recognizes the right of a man to live, and the necessity of labor, and will not permit one to assail by words the pecuniary credit of another, except at the peril, in case they are untrue, of answering in damages. The principle is clearly stated by Bayley, J., in Whittaker v. Bradley, 7 Dowl. & R 649: 'Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade or business, are actionable.' * * *

" * * * Words, says Starkie, are libellous if they affect a person in his profession, trade, or business, 'by imputing to him any kind of fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualification in the exercise thereof.' Stark, Slander, § 188. * * *

" * * * Words, to be actionable on the ground that they affect a man in his trade or occupation, must, as is said, touch him in such trade or occupation; that is, they must be shown, directly or by inference to have been spoken of him in relation thereto, and to be such as would tend to prejudice him therein."

What this clearly means is that a publication is libelous *per se* if it is incompatible with the conduct of an individual's lawful business or profession. Dorney v. Dairymen's League Cooperative Ass'n, D.C.D.N.J.1957, 149 F.Supp. 615, using New York substantive law. See also Kleeberg v. Sipser, 1934, 265 N.Y. 87, 90, 191 N.E. 845; Andrews v. Kimball, 2d Dept. 1952, 280 App.Div. 797, 113 N.Y.S.2d 117; Vosbury v. Utica

Daily Press Co., 3d Dept. 1918, 183 App. Div. 769, 171 N.Y.S. 827.

 A reading of all the communications indicates that there is sufficient reason to assume that the words used could injure plaintiff in the calling of his profession. Any false accusation which dishonors or discredits a man in the estimate of the public or his friends or acquaintances, or has a reasonable tendency so to do, is libelous. Bennet v. Commercial Advertiser Ass'n, 1920, 230 N.Y. 125, 129 N.E. 343.

As to defendants' allegation that plaintiff should rely upon the law of Cuba and Holland, it is clear under the applicable jurisprudence that a dictation to a stenographer, which allegedly occurred in this state, for the purpose of typing prior to mailing, has been held to be sufficient publication to constitute a libel. Ostrowe v. Lee, 1931, 256 N.Y. 36, 175 N.E. 505. It is equally well settled that the substantive law applicable to an alleged tort is the law of the place where the tort occurred. Thus, New York law is clearly applicable.

Whether or not these letters constitute libel *per quod* or libel *per se*, or whether in fact they are at all libelous, is a determination which should be made at the trial of this action. The only issue before this Court is whether or not, based upon plaintiff's short and concise statement of facts, he has a claim upon which relief could be granted.

A reading of the complaint and of the various aspects of the controlling New York law indicates, at a minimum, that plaintiff has a claim upon which relief might be granted. Whether or not these words are susceptible of two constructions is for the jury, not the judge, to determine. Cooper v. Rochester Ice Cream Co., 1914, 212 N.Y. 341, 106 N.E. 117.

Motions to dismiss for failure to state a claim under Rule 12(b)(6) contest the legal sufficiency of the complaint. A complaint should *not* be dismissed for insufficiency unless it appears to be a certainty that plaintiff is entitled to no relief on any state of facts which could be proved in support of the claim. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; Carroll v. Paramount Pictures, D.C.S.D.N.Y.1942, 3 F.R.D. 95. Pleadings are to be literally construed and mere vagueness or lack of detail is not a ground for a motion to dismiss.

Under the liberal rules of pleading of federal practice, even if defendants' contention as to the necessity for pleading special damages under the New York rule were clear, it is doubtful whether the position should be sustained in this forum.

For these reasons the motion to dismiss the complaint for failure to state a claim is hereby denied. So ordered.