Foster, J.
(dissenting). As we read the article complained of, it is not defamatory per se as imputing incompetency or *180 unethical conduct to the plaintiff, as an attorney representing his client. It only becomes so by the use of an innuendo which is averred in the second alleged cause of action in the complaint. (See Tracy v. Newsday, Inc., 5 N Y 2d 134,136; Hays v. American Defense Soc., 252 N. Y. 266, 269; McNamara v. Goldan, 194 N. Y. 315, 321-322.) However, since no special damages were pleaded, this was insufficient to state a cause of action for libel (O’Connell v. Press Pub. Co., 214 N. Y. 352, 358; Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208, 211; Growman v. Globe Apts., 283 App. Div. 1050; see, also, 1 Harper and James, Law of Torts, § 5.9, pp. 372-373, and n. 9).
The judgment should be affirmed.
Judges Fuld, Van Voorhis and Burke concur with Chief Judge Desmond; Judge Foster dissents in an opinion in which Judges Dye and Scileppi concur.
Judgment of the Appellate Division reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.