Jack Stanislaw, J.
This motion seeks dismissal of the complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7). Robert Haas, the plaintiff, alleges libel by the defendant Wharton. In the absence of any allegation of special damage there can be no recovery unless the publication was libelous per se. Wharton claims the publication to which this complaint is addressed is not libelous per se and therefore plaintiff has failed to state a cause of action.
Haas is an attorney. He was the holder of a family major medical expense coverage insurance policy. For a period cover *1013 ing a period of some five years the Haas family incurred a variety of medical expenses for which claims had been presented to the insurance company. Wharton, a physician, had rendered professional services during this period to members of plaintiff’s family. In 1963, Wharton wrote to the insurance company for information concerning the precise coverage of the major medical policy. Ilis inquiry was apparently prompted by a rather substantial amount of fees outstanding. The company replied extensively, and among other things indicated payments made to plaintiff based upon services performed by the defendant. It was shortly after Wharton received this information that he wrote back to the insurance company generally itemizing those services he had rendered, enclosing some claim forms, and then adding: “It appears from your letter, that some of the above claims were paid to Mr. Haas personally and he has withheld payment from us in a fraudulent [sic] manner.” A copy of this letter was sent to the plaintiff.
Wharton relies upon the absence of any reference to Haas, in the quoted sentence, as an attorney. He argues that under these circumstances the alleged libel is not actionable per se. His claim is that he did not use language directly injurious to or reflecting upon Haas in his profession. It is true that the statement did not refer to plaintiff in his professional capacity. Therefore, libel by reference to plaintiff’s unprofessional conduct and ethics in the actual pursuit of his profession cannot be found here (cf. Kleeberg v. Sipser, 265 N. Y. 87). However, the mere lack of a professional framework does not render the words harmless. We go back to the still valid rule enunciated by the Court of Appeals in Sanderson v. Caldwell (45 N. Y. 398, 405): “When the words spoken have such a relation to the profession or occupation of the plaintiff that they directly tend to injure him in respect to it, or to impair confidence in his character or ability, when, from the nature of the business great confidence must necessarily be reposed, they are actionable, although not applied by the speaker to the profession or occupation of the plaintiff ”. (Italics supplied.)
Although the words are not applied to plaintiff as an attorney (Campanella v. Pursley, 25 Misc 2d 54), he has nevertheless established a cause of action based upon a publication we hold to be libelous per se (see, also, November v. Time, 13 N Y 2d 175). The motion is denied.