John E. Morey, Jr., Respondent, *v.* The Morning Journal Association, Appellant.

Defendant published in its newspaper, an article to the effect that plaintiff was threatened with a breach of promise suit; that he and his friends were moving to effect a reconciliation, but that the young lady insisted upon his marrying her. In an action for libel, *held,* the publication was libelous *per se,* as its tendency was to disgrace plaintiff, and bring him into ridicule and contempt; and so, that he was entitled to recover with averments in his complaint or proof of special damage.

Upon the trial, plaintiff was permitted to prove, under objection and exception, the nature of his business, and that he was a married man. *Held,* no error; that this proof was competent, not to show special damage, as none had been alleged, but as bearing upon the hurtful tendency of the libel and the general damage.

Defendant offered to show that the article was telegraphed to it by a correspondent; that the latter had heard that a breach of promise suit had been commenced against plaintiff; also to show how and where he obtained the information. This evidence was excluded. *Held,* no error; that defendant, having published the libel without any inquiry and without any knowledge on the subject, was not entitled to the evidence for any purpose; that its correspondent was not its agent in the sense that his information was its information.

Defendant also offered to prove that an action for breach of promise of marriage was actually commenced against another person of plaintiff's name, and that its correspondent had heard of that suit before sending the article to defendant. This was excluded. *Held,* no error; that defendant was not entitled to the benefit of such a fact, of which it had no knowledge, in mitigation of damages.

(Argued June 20, 1890; decided October 7, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The facts, so far as material, are stated in the opinion.

This was an action for libel.

*Cassius C. Davy* for appellant. Saying that the plaintiff was a stockholder in the Union and Advertiser did not refer

to him in his occupation, profession or trade. (Moak's Under-hill on Torts, 121; Townshend on Slander & Libel, § 190; *Van Tassel* v. *Capron*, 1 Den. 250; *Oakley* v. *Farrington*, 1 Johns. Cas. 129; *Kinney* v. *Nash*, 3 N. Y. 177; *Doyley* v. *Roberts*, 3 Bing. [N. C.] 835; *Ayers* v. *Craven*, 2 Ad. & Ell. 2; *Jeffreys* v. *Paghen*, 3 Croke. 510; *Ireland* v. *McGarvish*, 1 Sandf. 155; 1 Ohio, 285; *Foster* v. *Small*, 3 Whar. 138; *Edsall* v. *Russell*, 4 M. & G. 1090.) It was error to allow the plaintiff to prove the nature of his business, and that he was a married man. (*Woodruff* v. *Bradstreet*, 35 Hun, 16; Townshend on Slander & Libel, § 335; *Caldwell* v. *Raymond*, 2 Abb. Pr. 197; *Smith* v. *Ashley*, 11 Metc. 367; *Hovey* v. *R. T. P. Co.*, 57 N. Y. 119; *Gumb* v. *T. T. S. R. Co.*, 114 id. 411.) The law is well settled that where the article is not libelous *per se*, and no special damages are alleged in the complaint, no damages can be proved or considered on the trial. (*Stone* v. *Cooper*, 2 Den. 299, 300; *Purdy* v. *R. P. Co.*, 96 N. Y. 372; *Kennedy* v. *P. P. Co.*, 41 Hun, 422; Townshend on Slander & Libel, §§ 197, 203, 345; *Bennett* v. *Williamson*, 4 Sandf. 65; *Solms* v. *Lias*, 16 Abb. Pr. 311; *Terwilliger* v. *Wands*, 17 N. Y. 57; Sedg. on Dam. 674, 675; *Bell* v. *S. P. & P. Assn.*, 3 Abb. [N. C.] 157; *Dickson* v. *Phillips*, 19 J. & S. 162.) Proof that the defendant sold copies of the papers containing the libel without proof that anybody ever saw or read the article in any of the papers so sold is not sufficient. (*Prescott* v. *Towsey*, 18 J. & S. 21.) The court erred in excluding the evidence offered by defendant's counsel in mitigation of damages. (2 Greenl. on Ev. § 425; Starkie on Slander, 27, 55.) The court erred in rejecting the offer of the defendant to prove that the Rochester correspondent to the Journal heard, and was led to believe, that an action for breach of promise had been commenced against the plaintiff. (*Bush* v. *Prosser*, 11 N. Y. 347; *Hatfield* v. *Lasher*, 81 id. 249; *Cooper* v. *Barber*, 24 Wend. 105; *Bisbey* v. *Shaw*, 12 N. Y. 72.) The court erred in rejecting defendant's offer to show by the witness who sent the dispatch to the Journal that it was an item of news, and the manner in which it was obtained and where he

obtained it.   (Code Civ. Pro. § 535 ; *Klinck* v. *Colby,* 46 N.
Y. 428 ; *Spooner* v. *Keeler,* 51 id. 527 ; *Bush* v. *Prosser,* 11
id. 347 ; *Bisbey* v. *Shaw,* 12 id. 67 ; *Watcher* v. *Querzer,* 29
id. 547 ; *Dolevin* v. *Wilder,* 34 How. Pr. 488 ; *Stanley* v.
*Webb,* 21 Barb. 148 ; *Gilman* v. *Lowell,* 3 Wend. 573.)

*Raines Bros.* for respondent.   The complaint states a cause
of action.   (*Shelby* v. *S. P. Assn.,* 38 Hun, 476 ; 109 N. Y.
611 ; Colby's Crim. Law, 57 ; Starkie on Slander & Libel, 166,
168 ; *Cropp* v. *Tilney,* 3 Salk. 226 ; *Villers* v. *Monsley,* 2
Wils. 403 ; Moak's Underhill on Torts, 199 ; Townshend on
Slander & Libel, § 21 ; *Burns* v. *Mathews,* 12 N. Y. S. R. 75 ;
*Solverson* v. *Peterson,* 32 Alb. L. J. 423 ; *Gubble* v. *P. P.
Co.,* 33 id. 154 ; *King* v. *Root,* 4 Wend. 135 ; *Cramer* v.
*Riggs,* 17 id. 209 ; *Thornby* v. *Kerry,* 4 Taunt. 355.)   The
motions for a nonsuit were properly denied.   (*Bergman* v.
*Jones,* 94 N. Y. 61–63 ; *Samuels* v. *E. M. Assn.,* 75 id. 604 ;
*Lewis* v. *Chapman,* 16 id. 372 ; *Hardwood* v. *Kiech,* 4 Hun,
389.)   The defendant's offer to show, in mitigation of dam-
ages, that a newspaper published in the city of Rochester had,
prior to the publication by the defendant, circulated a report,
without mentioning names, however, which attracted the atten-
tion of defendant's correspondent, and also that that person had
been informed that an action for breach of promise of marriage
had been commenced against the plaintiff, was properly rejected.
(*Root* v. *King,* 7 Cow. 613, 629 ; *Matson* v. *Buck,* 5 id. 490 ;
*Mapes* v. *Weeks,* 4 Wend. 659 ; *Tiernan* v. *Foster,* 8 id. 602 ;
*Bush* v. *Prosser,* 11 N. Y. 361 ; *Millover* v. *Hill,* 72 id. 36 ;
*Alderman* v. *French,* 1 Pick. 1 ; *Pease* v. *Shippen,* 80 Penn. St.
513 ; *Scott* v. *Sampson,* L. R. [8 Q. B. Div.] 49 ; *Mullett* v. *Hul-
ton,* 4 Esp. 248 ; *Hunt* v. *Algar,* 6 C. & P. 245 ; *Bennett* v. *Ben-
nett,* Id. 588 ; *Mills* v. *Spencer,* Holt [N. P.], 533 ; *Elliott* v.
*Boyles,* 31 Penn. 65 ; *Johnson* v. *S. L. D. Co.,* 65 Mo. 589 ; *Sam-
uels* v. *E. M. Assn.,* 9 Hun, 294 ; *Hatfield* v. *Lasher,* 11 N. Y.
347, 360 ; *Lothrop* v. *Adams,* 133 Mass. 471, 476.)   The order
denying a motion for a new trial was right.   (*Gott* v. *Pulsifer,*
22 Mass. 235 ; Townshend on Slander & Libel [3d ed.], § 293.)

EARL, J.   On the 20th day of October, 1884, the defendant was a corporation and published, in the city of New York, a newspaper called the Morning Journal, and the plaintiff was a resident of Rochester.   On that day the following article appeared in that paper:

"REFUSES TO BE RECONCILED.   ·

"*A Rochester Society Belle who Insists upon Being Married.*

"[Special to the Morning Journal.]

"ROCHESTER, N. Y., Oct. 19.— Upper tendom is highly excited over a threatened breach of promise suit against John E. Morey, Jr., a stockholder in the Union and Advertiser, and prominent in society circles.   A prominent society belle will be plaintiff in the action.   Morey and his friends are moving to effect a reconciliation, but the young lady insists on his marrying her."

The plaintiff, claiming that the publication was libelous, brought this action to recover damages on account thereof, and recovered a judgment which has been affirmed at the General Term.   The defendant claims that the article is not libelous *per se*, and, as no special damages were alleged or proved, contends that the plaintiff should have been nonsuited.

There can be no doubt that the publication is libelous *per se*. Its tendency was to disgrace the plaintiff, and bring him into ridicule and contempt.   (2 Colby's Cr. Law, 57; Starkie on Libel & Slander [2d Eng. ed.], 166, 168; Moak's Underhill on Torts, 199; Townshend on Slander & Libel, § 21; *Cropp* v. *Tilney*, 3 Salk. 225; *Villers* v. *Monsley*, 2 Wils. 403; *Shelby* v. *S. P. & P. Assn.*, 38 Hun, 474; 109 N. Y. 611; *Moore* v. *Francis*, 121 id. 199.)

At the trial, the defendant·objected to proof of the nature of the plaintiff's business, and that he was a married man. This proof was competent, not to show special damage, as none was alleged, but to show the circumstances surrounding the plaintiff, and as bearing upon the hurtful tendency of the libel, and the general damage to which he was exposed.

The article was sent by telegraph to the Morning Journal, by its Rochester correspondent, and on the trial the defendant offered to show by him, substantially, that he had heard that the breach of promise suit had been commenced against the plaintiff, and how and where he obtained the information. This evidence was excluded by the trial judge, because the defendant did not have any information on the subject at the time of the publication. It published the libelous article without any inquiry and without any knowledge on the subject, and hence it was not entitled to the evidence for any purpose. The evidence had no bearing upon its good faith and could not be used to rebut malice or to mitigate the damages. It received the libelous article from its correspondent, who was not its agent in the sense that his act was its act and his information its information, and it could receive no advantage from the fact that he was imposed on or innocently mistaken.

The defendant also offered to prove that an action for breach of promise of marriage was actually commenced against one John E. Morey, not the plaintiff, and that the Rochester correspondent had heard of the suit before sending the article to it for publication, and this evidence was excluded upon the same ground; and for the same reasons we think there was no error in the exclusion. The defendant cannot have the benefit of such a fact in mitigation of damages of which it had no knowledge.

For these reasons and others more fully stated in the able opinion in the court below, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____