statement is sought to be avoided by an explanation that inasmuch as the bank held the stock as collateral security, and had some other claim against it, of just what nature is not fully explained, but which two of the defendants asserted amounted to $10,000 additional, they did not regard this asset as a valuable one, and therefore inadvertently overlooked or neglected to insert it in the schedule. The studied omission of this asset of the firm, in the absence of any explanation, would raise, under the circumstances of this case, a presumption of fraud, which requires for its rebuttal some satisfactory explanation. It will be noticed that the failure to insert in the schedule the fact that the bank, for its indebtedness of $2,500, was fully secured by the Powhattan stock, if intentional, would have been a twofold fraud upon creditors, first by taking from them an asset, and by increasing the indebtedness to the extent of the bank's claim, which, as shown upon the trial, was fully secured. The explanation is not satisfactory as to this stock, and it is less so when we come to consider the question of the policies of insurance. Here were policies worth, in the estimation of the defendant, from $12,000 to $20,000, about which nothing was said until after the schedules were filed. The total amount of the real assets of this firm, as shown by the schedules, amounted to but $8,000, and yet the assignors would have us believe that under these conditions they overlooked assets, then in their possession and under their control, worth more than the entire real assets included in the schedules filed. Every opportunity upon the trial was given, the subject being reverted to again and again, to show why these policies were omitted; and between the assignors and the assignees a discrepancy is found, not only as to the time when the policies were referred to between them, but also in their explanations as to the reasons, seeking to excuse the omission from the schedules. It is asserted that there was no intention of reserving either the stock or policies to the assignor, but, if a contrary intention existed, the securities could not have been placed in a more advantageous position to accomplish this result. In other words, these securities were not only omitted from the schedules, but were held in such a way that, if the attention of creditors had not been attracted to them, they could have been appropriated for the benefit of the assignors. When we consider, therefore, the value of the securities thus omitted, as compared with the value of the real assets as scheduled, the situation in which they are found after the schedules are filed, a state of facts is presented which would require the strongest and clearest proof to establish that all this was unintentional, and the result of an honest mistake or omission. It is unnecessary to go over in detail the testimony elicited on this subject. Sufficient for the purpose of this case to say that, in my opinion, the omission of the two items of the Powhattan stock and the insurance policies has not been explained, and should be held to be intentional. Such a conclusion upon the law relating to insolvent assignments entitles the plaintiff to a judgment in his favor, setting the same aside. There should be judgment accordingly, with costs."

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Burnett & Whitney*, for appellant. *John J. Adams*, for respondent.

PER CURIAM. Judgment affirmed, with costs and disbursements, on opinion of special term.

---

### GRAY *v.* BAKER *et al.*

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

LIBEL—SUFFICIENCY OF COMPLAINT.

   Defendants published in their newspaper a charge that plaintiff, when she was the wife of H., was detected by her husband in a room at an hotel with one G.; that they had registered under an assumed name as husband and wife; and that H.

confronted them when they came out of the room in the morning. *Held,* if false, sufficient to constitute a libel, and that a demurrer to the complaint was properly overruled.

Appeal from special term, Kings county.

Action by Leonora S. Gray against William T. Baker and Thomas F. Baker for libel. From a judgment overruling a demurrer, defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Henry F. & James Coupe,* for appellants. *David J. Newland,* for respondent.

BARNARD, P. J. The complaint states a good cause of action. The defendants published in their newspaper a charge that the plaintiff, when she was the wife of one Herbert, was detected by her husband in a room in an hotel with one Gray; that they had registered under an assumed name as husband and wife; and that Herbert confronted them when they came out of the room at the hotel in the morning. The article describes the plaintiff as a faithless spouse and as a guilty companion of Gray. It is too plain to need any authority that such language concerning a married woman, if false and maliciously published, tends to bring her into public scorn and disgrace, and this makes a libelous publication. *Morey* v. *Association,* 123 N. Y. 207, 25 N. E. Rep. 161. The interlocutory judgment overruling the demurrer, with leave to answer, is affirmed, with costs. Leave is, however, given, upon payment of costs, for the defendants to answer the complaint in 20 days after the decision is entered herein.