DORIS K. SYDNEY, Appellant, *v.* MACFADDEN NEWSPAPER PUBLISHING CORPORATION, Respondent.

Libel — pleading — written or printed article tending to expose plaintiff to disgrace is libelous per se and actionable without alleging special damage — sufficient to allege in general terms that matter was published concerning her — article stating that married woman was lady love of man other than husband and that there was an agreement to marry between them libelous per se.

1. Any written or printed article is libelous or actionable without alleging special damages if it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion

of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society. Nor is it necessary to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but the plaintiff may state in general terms that such matter was published or spoken concerning him. (Rules Civ. Pr. 96.)

2. The publication in a newspaper of a photograph of the plaintiff, a married woman, together with a statement that she, naming her, had become the " lady love " of a man other than her husband and that it was reported that there was a match or agreement to marry between them and that plaintiff was present at a party given by the man at the time he was questioned about the matter by a reporter, is libelous *per se* because plaintiff, identified not only by name, but by picture, is a married lady and cannot marry, or submit to such associations without disgrace. It is immaterial that the article says nothing about plaintiff being married. It speaks of plaintiff and gives her picture. This draws with it all that she is — her standing, her position in society and her relationship in life.

*Sydney* v. *MacFadden Newspaper Pub. Corp.*, 215 App. Div. 653, reversed.

(Argued January 15, 1926; decided March 2, 1926.)

Appeal from a judgment. entered December 7, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an order of Special Term granting a motion, by defendant, for judgment upon the pleadings.

*John Burlinson Coleman* for appellant. To publish falsely in a newspaper, of a married woman, that she is the latest lady love of a man not her husband, holds her up to public ridicule, contempt, scorn, obloquy and shame and is, therefore, libelous *per se*. To publish that she is the latest lady love of such a character as Fatty Arbuckle only increases the shame and contempt to which the innocent victim of the false accusation is exposed. (*Bennet* v. *Commercial Advertiser Assn.*, 230 N. Y. 125; *Triggs* v. *Sun Printing & Pub. Assn.*, 179 N. Y. 144; *Morey* v. *Morning Journal*, 123 N. Y. 207; *Mac-*

14

*Fadden* v. *Morning Journal Association,* 28 App. Div.
508; *Gates* v. *New York Recorder Co.,* 155 N. Y. 228;
*Woodhouse* v. *New York Evening Post,* 211 App. Div.
75.)

*Joseph Schultz* for respondent.  In order to sustain the
complaint it must appear that the article is either libelous
*per se* or that as a legal result of such publication the
plaintiff has suffered some pecuniary damage, in which
case such special damage must be fully and specifically
pleaded.  (*Crashley* v. *Press Publishing Co.,* 179 N. Y.
27; *Hills* v. *Press Co.,* 202 N. Y. Supp. 678; *Samuels* v.
*Evening Mail Association,* 6 Hun, 5; *Hemmens* v. *Nelson,*
138 N. Y. 517; *Horton* v. *Binghamton Press Co.,* 122
App. Div. 332; *Kloor* v. *N. Y. Herald Co.,* 200 App. Div.
200; *Rossiter* v. *New York Press Co.,* 141 App. Div. 339.)
In passing upon the question of whether the article is
libelous *per se,* the court cannot take into account matters
pleaded outside of the article itself.  (*O'Connell* v. *Press
Publishing Co.,* 214 N. Y. 352; *Hills* v. *Press Publishing
Co.,* 202 N. Y. Supp. 678; *Van Heusen* v. *Argenteau,* 194
N. Y. 309; *Bodeck* v. *Jones,* 208 N. Y. Supp. 699.)  If the
publication is not libelous *per se,* special damage must be
specifically pleaded.  (*King* v. *Sun P. & P. Assn.,* 84
App. Div. 311; 179 N. Y. 600; *Langdon* v. *Shearer,* 43
App. Div. 607.)

CRANE, J.  This is an action for libel.  The defendant
published an article regarding the plaintiff which the
lower courts have held, the Appellate Division by a
divided court, not to be libelous *per se.*

The plaintiff is a married lady, the wife of Basil Sydney,
whom she married in 1918.  She is a well-known actress
of reputation and standing, appearing upon the stage
under her maiden name of Doris Keane.  By marriage
her name is Doris Keane Sydney.

On December 15, 1924, the New York *Evening Graphic,*

owned by the defendant, published a photograph of the plaintiff, together with the following:

"Doris Keane is, according to rumor, 'Fatty' Arbuckle's latest lady love. Doris is pretty and 'Fatty' is cross, or was when some of those prying newspapermen attempted to interview him about the reported match. 'Fatty' dislikes publicity."

And again:

"Arbuckle to Marry?

"Maybe; Maybe Not.

"Monterey, Cal., Dec. 15 (By United Press).

"Maybe Roscoe ('Fatty') Arbuckle is going to marry Doris Keane and maybe he is not.

"'Fatty' was noncommittal when interviewed as he served barbecue to Gouverneur Morris and Mrs. Morris and another guest, said to have been Doris.

"The one time funny man of the screen was all dressed up in a chef's costume, and performed merry antics for the picnic party yesterday at Point Lobos, when the newspaper men 'horned in.'

"'Maybe I am and maybe I am not. Meantime beat it while the beating is good and don't try to catch me in that black box or I'll do a movie comedy with this steak,' Fatty tenderly announced.

"Morris chimed in with remarks about the newspaper persons butting in on a private party.

"The identity of the fourth member of the party was guarded, but little Doris had been visiting at the Morris home before the barbecue."

As no special damage was pleaded, the plaintiff can only maintain her complaint, which alleged all the above facts by establishing that this article is libelous *per se.* (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352, p. 358.)

Any written or printed article is libelous or actionable without alleging special damages if it tends to expose the plaintiff to public contempt, ridicule, aversion or dis-

grace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society. (*Bennet* v. *Commercial Advertiser Assn.,* 230 N. Y. 125; *Triggs* v. *Sun Printing & Pub. Assn.,* 179 N. Y. 144.) A publication is libelous *per se* where its tendency is to disgrace the plaintiff, and bring him into ridicule and contempt. (*Morey* v. *Morning Journal Assn.,* 123 N. Y. 207.)

To say of the plaintiff that she is Fatty Arbuckle's latest lady love, and that Fatty was cross when the newspaper men interviewed him about the match, can have no other meaning than that Doris Keane (who is married) was the lady love of Fatty Arbuckle, and that there was a reported " match " between them. Such a statement must have the tendency to hold this married woman up to ridicule and contempt. Such conduct must have a tendency to disgrace a woman of fair repute in the minds of right-thinking people. The further statements in the article in the form of a query as to whether Arbuckle is to marry Doris Keane indicate that the word " match " means an agreement to marry. Credence is given to the report by the statement that Doris Keane was reported to be present at Fatty's party when he was questioned about the matter. In substance and in fact, the defendant has printed of the plaintiff, who is married, that she has become Fatty Arbuckle's lady love; that it is reported that there is a match or an agreement to marry between them; and that she was present at his barbecue when Fatty was questioned by the reporter.

According to some standards, all of this might have been considered quite a privilege and an opportunity for the woman. According to the ordinary standards, still I hope, in vogue among us, a married lady of good reputation would not so conduct herself, and if she did, the natural tendency would result in her disgrace. Such an article, when false, necessarily causes great humiliation and mental anguish.

It has been suggested that this article says nothing about Doris Keane being married.  This is true.  Neither does it say she is alive, or of age, or a woman capable of being married.  It speaks of Doris Keane and gives her picture.  This draws with it all that Doris Keane is,— her standing, her position in society, and her relationship in life.  Such was the ruling in the *Morey* case, above cited.  The article there published was the following:

" REFUSES TO BE RECONCILED.

"A Rochester Society Belle Who Insists upon Being
" Married.

" (Special to the Morning Journal.)

" ROCHESTER, N. Y. Oct. 19.— Upper tendom is highly excited over a threatened breach of promise suit against John E. Morey, Jr., a stockholder in the Union and Advertiser, and prominent in society circles.  A prominent society belle will be plaintiff in the action. Morey and his friends are moving to effect a reconciliation, but the young lady insists on his marrying her."

This court said: " There can be no doubt that the publication is libelous *per se.*"  No special damages were alleged or proved.  And yet, over the defendant's objection, the plaintiff, was allowed to prove that he was a married man, EARL, J., speaking for the court saying: " This proof was competent, not to show special damage, as none was alleged, but to show the circumstances surrounding the plaintiff, and as bearing upon the hurtful tendency of the libel, and the general damage to which he was exposed."

To publish the following: " The Rev. Thos. J. Upton is a negro " ( *Upton* v. *Times Democrat,* 104 La. 141); or "August M. Flood, colored, through attorneys * * * filed suit yesterday " (*Flood* v. *News & Courier Co.,* 71 So. Car. 112), have been held to be libelous *per se.*  On the face of these articles there is nothing libelous.  It is not libelous to say a man is colored, if it be the truth; it

becomes libelous because of the status of the person mentioned;— that he happens to be a white man. This, of course, he has to allege and prove in order to make the article libelous and to recover. (See, also, to the same effect *Stultz* v. *Cousins*, 242 Fed. Rep. 794, 6th Circuit.)

So here in this case, to · say that Doris Keane is Fatty Arbuckle's love and is to marry him, is libelous because Doris Keane, identified not only by name, but by picture, is a married lady, and cannot marry, or submit to such associations without disgrace.

In *Gates* v. *New York Recorder Co.* (155 N. Y. 228) the defendant published regarding the plaintiff three days after her marriage that she was a " dashing blonde, twenty years old, and is said to have been a concert-hall singer and dancer at Coney Island." This court held the article libelous *per se* for the reason that people who read the article in the neighborhood where it was published knew that concert-hall singers and dancers at Coney Island were a disreputable class. " To say that the words published of the plaintiff in the community where the character of the concert-hall is well known were not calculated to hold her up to disgrace and disrepute and to charge her with unchaste conduct, is to reach a conclusion both illogical and unjust. Such · a charge is libelous *per ·se*, and results in damages that cannot be measured by mere money compensation." There is nothing on the face of the article which makes known what the concert halls at Coney Island were, but the fact that they were notorious, and known to the people reading the article could be proved, and thus show the article to be libelous *per se*. This in my judgment is good sense. The court should take the defamatory publication in determining its characteristics and result in the same way that the reading public, acquainted with the parties and the subject would take it. (*Klumph* v. *Dunn*, 66 Penn. St. 141, 147.)

Rule 96 of our Rules of Civil Practice provides: " In an

action for libel or slander, it is not necessary to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but the plaintiff may state in general terms that such matter was published or spoken concerning him." The plaintiff has alleged that this article was published about her. There can be no question about it, as her picture accompanied the article. Who is the plaintiff about whom the article is published? Doris Keane Sydney, the wife of Basil Sydney — a married woman.

The judgments below should be reversed, with costs in all courts, and the motion to dismiss the complaint denied, with ten dollars costs.

Pound, J. (dissenting). To publish falsely of any man that he is threatened with a breach of promise suit is libelous and he may show in enhancement of general damages that he is a married man. (*Morey* v. *Morning Journal Assn.*, 123 N. Y. 207.) To publish falsely of any woman that she is unchaste, or a performer in a disreputable dance hall is libelous and she may show in enhancement of general damages that she is married and has a family of children. (*Enos* v. *Enos*, 135 N. Y. 609.)

If it were libelous to publish falsely of a woman that she is a man's latest lady love, coupled with the implication, not of unchastity but of prospective marriage, she might doubtless show, under the authorities cited, that she was a married woman, without pleading special damages, but a woman is not necessarily brought into contempt, ridicule, shame or disgrace because she is loved by a man with the honorable estate of matrimony in prospect. Juliet was Romeo's latest lady love.

The pleader recognizes this rule. The article is not defamatory on its face. He must state some reasons why plaintiff should not be Fatty Arbuckle's latest lady love which do not appear from the article itself. He, therefore, alleges extrinsic facts. Plaintiff is a **married**

woman. Arbuckle is a notorious lover. The false allegation of intimacy, in itself colorless, becomes unholy and shameful. But this is not enough. Where the publication itself is not libelous the plaintiff must not only include in his complaint allegations of extrinsic facts to show that the words used in the article are actionable but must also allege and claim special damages arising from the publication. (*Crashley* v. *Press Publishing Co.*, 179 N. Y. 27; *Mc Namara* v. *Goldan*, 194 N. Y. 315, 321.) The complaint is bad because special damages are not pleaded.

Of course, all defamatory publications are actionable *per se* but here the libel is the article plus the extrinsic facts which color its meaning. The rule as above stated is well established. If the court were prepared to take judicial notice of the bad reputation of Fatty Arbuckle, the case might be brought under the rule of the *Gates Case* (155 N. Y. 228), where the then bad character of Coney Island dance halls was recognized.

The judgment should be affirmed, with costs.

McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur with CRANE, J.; POUND, J., writes dissenting opinion in which HISCOCK, Ch. J., concurs; CARDOZO, J., not voting.

Judgments reversed, etc.