BERNARD ROSS and Others, Plaintiffs, *v.* MACFADDEN PUBLICATIONS, INC., Defendant.

Supreme Court, Special Term, Queens County, June 26, 1940.

*Shlivek & Brin,* for the plaintiffs.

*Franklyn Ellenbogen,* for the defendant.

FROESSEL, J. Motion by defendant to dismiss for legal insufficiency the fourth cause of action alleged in plaintiffs' complaint wherein the plaintiff Henry Ross charges defendant with libel.

The said plaintiff alleges therein that the defendant published in the March, 1940, issue of its publication, " True Story Magazine," a photograph of plaintiff's wife, Evelyn, and his two children, Bernard and Grace Ross, in conjunction with an article on life insurance; the said article refers to the death of the husband of one " Alice " (not Evelyn), tells about her plans for school for young " Herbert, Junior, and Laura " (not Bernard and Grace), and asserts that " Alice doesn't have to worry about making a living for herself and the children. She has an income of eighty dollars a month which will be regular, every month for ten years. Besides, until the children reach the age of eighteen they will get Social Security income." It is thereupon alleged, by way of innuendo, that this publication was understood by plaintiff's friends, relatives, business associates and people in his community to mean that this plaintiff " had died and during his lifetime had so mismanaged his business affairs as to leave his family without any means other than insurance." There is no allegation as to the nature of this plaintiff's business nor whether he was in fact in business at all. General damages in the amount of $5,000 are thereupon asked for.

In *O'Connell* v. *Press Publishing Co.* (214 N. Y. 352, 358) the rule is asserted " that (a) a publisher of a libel not defamatory upon its face, and defamatory by virtue of extrinsic facts is liable only for the pecuniary damage which legally resulted from the publication, and (b) the facts showing such damage must be fully and specifically set forth in the complaint. General allegations of damage are not sufficient." This rule has been reasserted in *Sydney* v. *Macfadden Newspaper Pub. Corp.* (242 N. Y. 208, 211) and in *Kleeberg* v. *Sipser* (265 id. 87, 91, 92).

In my opinion, the article pleaded is not defamatory upon its face. Assuming that it refers to this plaintiff, it does not tend to expose him to " public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation or disgrace, or to induce an evil opinion of one in the minds of right-thinking persons, and to deprive one of their confidence and friendly intercourse in society." (*Kimmerle* v. *New York Evening Journal, Inc.*, 262 N. Y. 99, 102.) At most, it seems to me that the publication in this case might be construed to be a false report of this plaintiff's death, but that does not constitute libel *per se* (*Cohen* v. *New York Times Co.*, 153 App. Div. 242) unless the death were associated with circumstances such as in *Quinn* v. *Sun Printing*

& *Publishing Co.* (55 Misc. 572), where plaintiff, a priest, was accused " of being asphyxiated at a lodging-house in the city of New York in disgraceful circumstances," or as in *Dall* v. *Time, Inc.* (252 App. Div. 636, 640; affd., 278 N. Y. 635), where the plaintiff was charged "with the commission of an odious act, self-murder, under circumstances exceptionally revolting and evincing a depraved disregard of human decency."

Plaintiff apparently recognizes that the article in question is not libelous on its face for he pleads extrinsic facts which, he contends, give to the publication its libelous meaning, namely, that he had so mismanaged his business affairs as to leave his family without any means other than insurance. In my opinion, the innuendo pleaded is not justified by the language used in the article. "The plaintiff cannot enlarge or change the language used * * * by innuendo. The purpose of the innuendo is to explain the application of the words used. Words which are not libelous in themselves cannot be made so by innuendo." (*Hays* v. *American Defense Society*, 252 N. Y. 266, 269; *O'Connell* v. *Press Publishing Co., supra*, at p. 360; *Fleischmann* v. *Bennett*, 87 N. Y. 231; *Kloor* v. *New York Herald Co.*, 200 App. Div. 90.)

By no stretch of the imagination could one come to the conclusion which plaintiff attempts to draw. The article is silent as to plaintiff's business; indeed, it does not indicate whether he was engaged in any business whatever; nor does it state from what investments the income is derived. If anything, the article read in its entirety by the ordinary reader indicates that the man provided for his family not only with an income, but with a home fully paid for as well as provision for other expenses; indeed, it speaks generously of " Alice's " husband throughout.

" The law of defamation is concerned only with injuries to one's reputation. Except to the limited extent provided by statute (Civil Rights Law, § 50), there is no right of privacy. * * * Written words, the effect of which is to invade privacy and to bring undesired notoriety, are without remedy, unless they also appreciably affect reputation. This is the domain, not of positive law, but of obedience to the unenforceable. * * * From such harms one is protected only by the code of common decency." (*Kimmerle* v. *New York Evening Journal, Inc., supra*, at p. 102.)

Accordingly, I am constrained to grant the motion to dismiss.