HARRY LEE PUBLISHING COMPANY, INC., Plaintiff, *v.* RIVERHEAD NEWS, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, March 25, 1943.

*Robbins, Wells & Walser* for defendants.

*Stanley Fowler* for plaintiff.

FROESSEL, J.   In an action by the owner of a certain newspaper, known as " The County Review ", to recover damages in the sum of $50,000 for the publication by the defendants of a certain alleged libelous article concerning said " Review " in a newspaper known as " The Riverhead News", published by the corporate defendant and of which the individual defendant is the editor, manager and copublisher, both defendants move, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint for legal insufficiency.

The alleged libelous matter, hereinafter more particularly referred to, is set forth in paragraph " Sixth " of the complaint, where it is asserted it was " maliciously published." In paragraph " Eighth " the complaint pleads, by way of innuendo, " that said defamatory statements " were intended by defendants to, and did, refer to said plaintiff's newspaper and that " Defendants thereby intended to and did charge the Plaintiff herein with the crime of bribery." In paragraph " Eleventh " of the complaint " actual malice is pleaded." In paragraph " Twelfth " it is charged that the publication was made concerning the plaintiff " with the intent and for the purpose of injuriously and directly affecting its reputation and credit and the management of its said business and to cause it pecuniary loss."

In their brief, defendants contend that " the plaintiff having phrased its complaint in a form which does not allege that the article is libelous *per se* but requires an innuendo to make it so, must, therefore, allege special damages in order to set forth a good complaint; " that in any event the article in question was not libelous *per se,* and at most constituted fair comment.

It is, of course, well settled that where an article is " not defamatory upon its face, and defamatory by virtue of extrinsic facts " the publisher " * * * is liable only for the pecuniary damage which legally resulted from the publication, and * * * the facts showing such damage must be fully and specifically set forth in the complaint. General allegations of damage are not sufficient." (*O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352, 358.) The rule has been reasserted in *Sydney* v. *McFadden Newspaper Pub. Corp.* (242 N. Y. 208, 211) and in *Kleeberg* v. *Sipser* (265 N. Y. 87, 91, 92). (See, also, *Ross* v. *MacFadden Publications, Inc.,* 174 Misc. 1019; *McAuliffe* v. *Local Union No. 3 etc.,* 29 N. Y. S. 2d 963.)

It is clear from the foregoing that if the article here complained of is libelous only because of the allegations of extrinsic fact, the complaint is legally insufficient because there are no facts alleged therein fully and specifically setting forth the special damages. However it does not follow that because the plaintiff *has* pleaded extrinsic facts the complaint cannot withstand a challenge as to its legal sufficiency if the alleged defamatory article is in fact libelous *per se.* For if it is, the extrinsic facts may be treated as surplusage and the libelous article itself considered " sufficient to entitle the plaintiff to general dam-

ages." (*Day* v. *Chamber of Commerce of United States,* 239 App. Div. 447, 450, affd. 264 N. Y. 522.)

I am of the opinion that the article is libelous *per se,* did not require the allegation of extrinsic facts to make it actionable, and that special damages need not be alleged. The article in question charges:

" *In fact,* in a statement to the News, Mr. * * * *bluntly* says that the Review has ' *bought the tax sale,*' and he believes this is the first time in the history of Suffolk politics that this sale has been *so sold.*"

" He doesn't understand, he says, how anybody could *honestly,* on Oct. 24, subscribe to the statement that the Review was ' of known ' Democratic principles, when it was so very young in that party; neither can he understand *what machinery was set in motion to make* his own Supervisor, Mr. * * *, change his mind so completely between Sept. 14 and Oct. 24, because on Sept. 14 Mr. * * * himself, was the publisher Mr. * * * then wanted designed." (Italics mine.)

In my view these words *prima facie* (1) expose the plaintiff's newspaper to the charge of the commission of the crime of bribery (*Dudley* v. *Nowill,* 11 App. Div. 203) and (2) affect plaintiff's credit and business. (*Ben-Oliel* v. *Press Publishing Co.,* 251 N. Y. 250, 255.) The fact that the plaintiff is a corporation is immaterial. (*First National Bank* v. *Winters,* 225 N. Y. 47, 52; *New York Society* v. *MacFadden Publications,* 260 N. Y. 167, 169.)

Accordingly the motion must be denied, and the defendants are granted leave to answer within ten days after service of a copy of the order to be entered hereon with notice of entry.