— ■ Order modified on the law by striking out the allegations contained in paragraphs seventh, eighth, ninth and tenth in the first cause of action alleged in the complaint and paragraphs twenty-ninth, thirtieth and thirty-first comprising the seventh cause of action alleged in the complaint, and as modified, affirmed, without costs of this appeal to any party. Memorandum: As to the allegations stricken from the first cause of action, we think the interpretation placed upon the publication alleged in paragraph “ Seventh ” is so distorted from any reasonable interpretation that only some person having a depraved mind would be likely to so construe it. “ Any false accusation which *831 dishonors or discredits a man in the estimate of the public or his friends and acquaintances or has a reasonable tendency so to do is libelous.” {Bennet v. Commercial Advertiser Assn., 230 N. Y. 125, 127.) We do not think that it can reasonably be said that the language of the publication alleged in paragraph “ Seventh ” as read by the vast majority of right-thinking people would have even a tendency to “dishonor” or “discredit” plaintiff. We find nothing defamatory in the language of the publication alleged in paragraph “ Twenty-ninth ” of the complaint. As to the allegations not stricken, we reach the conclusion that taken as true, as we are required to do in construing the complaint, they state a cause of action. It is not to be denied, as urged by defendants, that plaintiff’s actions as a teacher in the public schools, are subject to fair comment. (Civ. Prae. Act, § 337; Hoeppner v. Dunkirk Print. Co., 254 N. Y. 95.) The publications alleged in these causes of action are not directed to his classroom activities, but many of them may tend to depreciate his reputation as a teacher. We cannot say as a matter of law that they are not defamatory. {Hoeppner v. Dunkirk Print. Co., supra; Mencher v. Chesley, 297 N. Y. 94; Triggs v. Sun Print. & Pub. Assn., 179 N. Y. 144; Bennet v. Commercial Advertiser Assn., supra-, Ben-Oliel V. Press Pub. Co., 251 N. Y. 250; Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208.) All concur. (Appeal from order denying defendants’ motion to dismiss each of the causes of action set forth in plaintiff’s amended complaint in an action to recover damages alleged to have been sustained by plaintiff as the result of eight libelous publications by defendants.) Present— Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.