■ DOROTHY H. PITTERA, Appellant-Respondent, v. PARADE PUBLICATIONS, INC., et al., Respondents-Appellants, et al., Defendant.

*Per Curiam.* These are separate appeals from orders entered September 22, 1961, which (1) granted defendants' motion to dismiss the second cause of action of the amended complaint, with leave to replead, and (2) denied defendants' motion to dismiss the complaint in its entirety, for insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. The complaint contains two causes of action, the first in libel, and the second based upon an alleged violation of plaintiff's right of privacy (Civil Rights Law, §§ 50, 51).

The motion to dismiss the first cause of action was properly denied. (*Spector* v. *News Syndicate*, 280 N. Y. 346; *Sydney* v. *Macfadden Newspaper Pub. Corp.*, 242 N. Y. 208; cf. *Macy* v. *New York World-Tel. Corp.*, 2 N Y 2d 416.) Consequently the motion to dismiss the complaint as insufficient was properly denied.

The second cause of action is, as Special Term pointed out, bottomed on a violation of the right of privacy. Section 51 of the Civil Rights Law provides, in part, that where a person's name, portrait or picture is used in this State for advertising or trade purposes, such person may maintain an action in this State for injunction and for damages. Examination of the pleading and of the offending article, annexed to the complaint, reveals that the second cause fails to allege that the unauthorized use of the photo and article were used for trade or advertising purposes and is insufficient. The language of the article and the facts set forth in the pleading persuade us that the deficiency could not properly be supplied on a new pleading to meet the requirements of the applicable sections of the Civil Rights Law. (Cf. *Goelet* v. *Confidential, Inc.*, 5 A D 2d 226.)

Accordingly, the order dismissing the second cause of action should be modified on the law and the facts, so as to deny leave to replead, and otherwise affirmed, without costs to either party. The order denying defendants' motion to dismiss the entire complaint should be affirmed, without costs to either party.

Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ., concur.

Order [dismissing second cause of action], entered on September 22, 1961, so far as appealed from, unanimously modified, on the law and on the facts, so as to deny leave to replead, and, as so modified, affirmed, without costs.

Order [denying motion to dismiss complaint], entered on September 22, 1961, so far as appealed from, unanimously affirmed, without costs.