WILLIAM M. ALBERTI, Respondent, v. OTTO HEINEMAN, Appellant.

*Appeal — jurisdiction of Court of Appeals to review judgment entered upon unanimous reversal of judgment entered upon order of Trial Term setting aside verdict for plaintiff and granting defendant's motion for dismissal of complaint — attorney and client — action to recover for legal services rendered to corporation, liability for which, it was alleged, had been assumed by defendant.*

The Court of Appeals has jurisdiction to review the propriety of an unanimous reversal by the Appellate Division of a judgment entered upon an order of the court at a Trial Term setting aside a verdict in

favor of plaintiff and granting a reserved motion by defendant for a dismissal of the complaint. Nor is scrutiny of the evidence by this court foreclosed as upon a unanimous affirmance. (*Deyo* v. *Hudson*, 225 N. Y. 602, 610, 611, followed.) The record in an action to recover for legal services rendered to a corporation, liability for which, it was alleged, defendant had assumed, examined, and *held*, that there is nothing therein to justify the conclusion that there was an assumption by the defendant of personal liability in excess of payments already made.

*Alberti* v. *Heineman*, 187 App. Div. 466, reversed.

(Argued December 10, 1920; decided January 11, 1921.)

APPEAL from a judgment entered May 14, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department which reversed a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a reserved motion by defendant for a dismissal of the complaint and directed judgment for the plaintiff upon the verdict.

*Mortimer Lanzit* and *Jacob Schechter* for appellant.

*George P. Breckenridge* for respondent.

*Per Curiam.* The plaintiff sues as the assignee of members of the bar to recover compensation for professional services. The services were rendered to a corporation, but the defendant is said to have made himself responsible for payment. The trial judge, reserving decision on a motion for the dismissal of the complaint, took the verdict of the jury, which was in favor of the plaintiff. The motion, thus reserved, was afterwards decided in favor of the defendant. On appeal to the Appellate Division that court unanimously reversed the judgment of dismissal, and adopting the verdict of the jury, gave judgment for the plaintiff.

Our ruling in *Deyo* v. *Hudson* (225 N. Y. 602, 610, 611) establishes our jurisdiction to review the propriety of the reversal, and answers the plaintiff's argument that scrutiny of the evidence is foreclosed as upon a unanimous affirmance.

No good would be done if we were to spread upon the pages of the reports a summary and analysis of the testi-

mony relied on by the plaintiff to establish the defendant's promise. It has all been carefully considered. As a result of such consideration, we find nothing in the record to justify the conclusion that there was an assumption by the defendant of personal liability (in excess of payments already made) for the services of counsel.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., CHASE and CRANE, JJ., dissent.

Judgment accordingly.