PETER MARKIEWICZ, Appellant, *v.* MARTIN THOMPSON, Respondent.

**Appeal — judgment of Appellate Division unanimously reversing order of trial judge for new trial and reinstating verdict tantamount to unanimous affirmance.**

A judgment of the Appellate Division unanimously reversing an order of the trial judge for a new trial, and reinstating the verdict, is tantamount to the unanimous affirmance of the judgment, and an appeal therefrom will be dismissed if taken without leave.

*Markiewicz* v. *Thompson*, 220 App. Div. 311, appeal dismissed.

(Submitted June 20, 1927; decided October 4, 1927.)

MOTION to dismiss an appeal from a judgment, entered May 5, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department unanimously reversing an order of the court at a Trial Term, setting aside a verdict in favor of defendant and directing reinstatement of the verdict.

*Charles J. Fryer* for motion.

*Walter A. Fullerton* opposed.

*Per Curiam.* In this action for personal injuries, there was a verdict for defendant. The trial judge set the verdict aside as against the weight of evidence. The Appellate Division unanimously reversed the order and reinstated the verdict. From the judgment entered upon the verdict, the plaintiff has taken this appeal after leave to appeal had been denied by the Appellate Division and by this court.

By the settled practice of this court, a judgment of the Appellate Division unanimously reversing an order of the trial judge for a new trial, and reinstating the verdict, is tantamount to the unanimous affirmance of the judgment, and an appeal therefrom will be dismissed if taken without leave (*Garrison* v. *Sun P. & P. Assn.*, 222 N. Y. 691; *Burns Mfg. Co.* v. *Clinchfield Products Corp.*, 231 N. Y. 561; *Dashnau* v. *City of Oswego*, 236 N. Y. 542; *L'Ecluse* v. *Brokaw*, 238 N. Y. 611; *Warner* v. *N. Y., O. & W. Ry. Co.*, 239 N. Y. 507; *Mike* v. *Levy*, 241 N. Y. 577; cf. *Huda* v. *Am. Glucose Co.*, 151 N. Y. 549).

A different question is presented where the trial judge, instead of granting a new trial, dismisses the complaint upon a reserved motion for that relief. In such a case, the Appellate Division, if it sets aside the dismissal, is not affirming, but reversing the only judgment in the record. If as incidental to that reversal, it adopts the verdict of a jury, and orders judgment thereon, the result is a new judgment superseding the old one, and so a

judgment of reversal. The distinction is narrow, but it is settled by authority (*Deyo* v. *Hudson*, 225 N. Y. 602, 611; *Alberti* v. *Heineman*, 230 N. Y. 585).

The appeal now before us is subject to the additional objection that the one ruling challenged by exception is unsubstantial and frivolous in view of the defendant's admissions at later stages of the record.

The motion should be granted and the appeal dismissed with costs and ten dollars costs of motion.

Motion granted, etc.