In the Matter of ANTHONY ARCADU, Respondent, against DAVID LEVINSON et al., Appellants.

(Argued February 13, 1929; decided March 19, 1929.)

*Israel Ben Scheiber* and *Bernard W. Smith* for appellants.

*Myle J. Holley* for respondent.

*Per Curiam.* A motion was made in Special Term under Civil Practice Act, § 1457, to vacate the award of arbitrators on a submission to arbitration. The motion was denied. The Appellate Division reversed on the law and the facts and granted the motion on the ground of the " evident partiality " of one of the arbitrators. An appeal to this court was taken without leave of the Appellate Division. We are asked to review the facts as found by the Appellate Division under the provisions of Civil Practice Act, § 589, subd. 2. (*Matter of Flagler*, 248 N. Y. 415.)

Under Civil Practice Act, § 1456, a motion may be made by any party to the submission to confirm an award. The court must grant the order unless the award is (a) vacated or (b) modified or corrected. Either party may make a motion (a) to vacate an award under Civil Practice Act, § 1457, or (b) to modify or correct an award under Civil Practice Act, § 1458. Upon the granting of an order confirming, modifying or correcting an award, judgment may be entered in conformity therewith. (Civil Practice Act, § 1461.) The judgment so entered is regarded in all respects as a judgment in an action and

is subject to all the provisions of law relating to such a judgment. (Civil Practice Act, § 1463.)

Civil Practice Act (§ 1464) provides:

" § 1464. Appeals. An appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action. The proceedings upon such an appeal, including the judgment thereupon and the enforcement of the judgment, are governed by the provisions of statute and rule regulating appeals in actions as far as they are applicable."

When an order is made confirming, modifying or correcting an award, the appeal lies from the judgment entered thereon and not from the order. (*Matter of Picker*, 130 App. Div. 88; *Brimberg* v. *Basch & Co., Inc.*, 185 App. Div. 887; *Berizzi Co.* v. *Krausz*, 239 N. Y. 315.)

An order denying a motion to confirm an award seems to have been regarded as a final order in a special proceeding in *Matter of Bullard* v. *Grace Co.* (240 N. Y. 388), but the question of jurisdiction was not considered in that case. An order granting or denying a motion to correct or modify an award is not a final order; nor is an order denying a motion to vacate an award. Although an order vacating an award, without ordering a rehearing by the arbitrators, has an element of finality, an appeal therefrom lies only as from an order in an action. (Civil Practice Act, § 1464, *supra.*)

Not every order which ends a proceeding in the sense that one party or the other can go no further is a final order in the sense contemplated by the Constitution and the Civil Practice Act. (*Van Arsdale* v. *King*, 155 N. Y. 325, 328.)

" The Legislature may further restrict the jurisdiction of the Court of Appeals and the right of appeal thereto." (Const. art. VI, § 7, subd. 5.) Regarding, as we must, the order vacating the award as in the nature of an intermediate order so far as the right of appeal to this court and the jurisdiction of this court to entertain it are con-

cerned, the appeal does not lie as matter of right. No leave to appeal has been obtained from the Appellate Division under Civil Practice Act, § 588, subd. 4. The appeal to the Appellate Division was final. (Civil Practice Act, § 631.)

The appeal should be dismissed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Appeal dismissed, etc.