In the Matter of the Arbitration between MORRIS WHITE FASHIONS, INC., Appellant, and SUSQUEHANNA MILLS, INC., Respondent.

Argued June 11, 1946; decided July 23, 1946.

*Samuel Masia* and *Archibald Palmer* for appellant. I. The award of $1,500 in favor of Morris White Fashions was not within the scope of the controversy submitted to the arbitrators. (Civ. Prac. Act, §§ 1462, 1462-a.) II. Decisions of arbitrators are reviewable when not within scope of arbitration or when arbitrators exceed their powers. (*Dodds* v. *Hakes,* 114 N. Y. 260; *Fullman* v. *Ellis Plumbing & Eng. Co., Inc.,* 102 Misc. 62; *Matter of Conway,* 179 App. Div. 108; *Matter of Sheffield Farms Co., Inc.,* 264 App. Div. 843; *Hiscock* v. *Harris,* 74 N. Y. 108; *Publishers' Assn. of N. Y. City* v. *N. Y. Typo. Union No. 6,* 168 Misc. 267.) III. The arbitrators' construction of

whether a certain issue was submitted to them is subject to review by the court. (*Texoma Natural Gas Co.* v. *Oil Workers I. U.*, 58 F. Supp. 132; *Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388; *Matter of Kelley*, 240 N. Y. 74.) IV. There was no basis for reversal of the order and judgment of Special Term. (*People* v. *Bellows*, 281 N. Y. 67; *Aerated Products Co.* v. *Godfrey*, 290 N. Y. 92.) V. Special Term properly held that there was an evident miscalculation of figures. (*Kutsukian* v. *Bossom*, 60 N. Y. S. 2d 27.) VI. Morris White Fashions has properly appealed to the Court of Appeals as a matter of right. (*Berizzi Co.* v. *Krausz*, 239 N. Y. 315; *Matter of Bond*, 290 N. Y. 739.) VII. Subdivision 1 of section 588 is not inconsistent with article VI, section 7, of the Constitution and is not unconstitutional. (*Matter of Friedheim* [*International Paper Co.*], 292 N. Y. 663; *Matter of Berg* v. *Marsh*, 293 N. Y. 766.) VIII. The judgment entered upon the order of the Appellate Division is a final order and appealable as a matter of right under the Constitution and the Civil Practice Act. IX. The constitutionality of section 588, subdivision (1), does not affect the right of appeal. (*Deyo* v. *Hudson*, 225 N. Y. 602; *Alberti* v. *Heineman*, 230 N. Y. 585; *Eckler* v. *Village of Ilion*, 229 N. Y. 615; *Whitney* v. *Lyric-Rochester Corp.*, 269 N. Y. 675; *Herron* v. *Columbus Trust Co.*, 270 N. Y. 545; *Matter of Friedheim* [*International Paper Co.*], 292 N. Y. 663; *Matter of Bond*, 290 N. Y. 739.) X. The amount of damages was not in issue before the arbitrators. (*De Marco* v. *John Hancock Mut. Life Ins. Co.*, 146 Misc. 117; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461; *Vecchio* v. *Metropolitan Life Ins. Co.*, 224 App. Div. 301.) XI. Whether the arbitrators applied a correct legal rule of damages is not in issue. (*Fudickar* v. *Guardian Mutual Life Ins. Co.*, 62 N. Y. 392.)

*David Teitlebaum* and *George P. Lane* for respondent. I. The motion to dismiss the appeal should be granted because the decision of the Appellate Division is not one of reversal or modification from which an appeal of right may be taken under section 7, article VI, of the Constitution. Insofar as it is inconsistent therewith, subdivision 1 of section 588 of the Civil Practice Act is unconstitutional. II. The order from which petitioner attempts to appeal is not one from which an appeal of right is allowed under the settled construction of

the constitutional clause. (*Burns Mfg. Co.* v. *Clinchfield Products Corp.*, 231 N. Y. 561; *Metallograph Corp.* v. *Arma Engineering Corp.*, 236 N. Y. 675; *Dashnau* v. *City of Oswego*, 236 N. Y. 542; *Warner* v. *N. Y., Ont. & W. Ry. Co.*, 239 N. Y. 507; *L'Ecluse* v. *Brokaw*, 238 N. Y. 611; *Cruger* v. *Hudson River R. R. Co.*, 12 N. Y. 190; *Mike* v. *Levy*, 241 N. Y. 577; *Markiewicz* v. *Thompson*, 246 N. Y. 235; *Matter of Pine Street Realty Co.* v. *Coutroulas*, 258 N. Y. 609; *Matter of Fine* v. *Cohen*, 287 N. Y. 843.) III. The 1942 amendment to section 588 of the Civil Practice Act is unconstitutional insofar as it attempts to give an appeal of right where denied by the constitutional limitation. (*Sommer & Bro., Inc.*, v. *Lorsch & Co., Inc.*, 254 N. Y. 146.) IV. The motion to dismiss the appeal should be granted because the decision of the Appellate Division was not a final determination from which an appeal of right may be taken under the Constitution and the Civil Practice Act. (*Matter of Arcadu* v. *Levinson*, 250 N. Y. 355.) V. The arbitrators did not exceed their powers. Their award was within the scope of the submission and its correctness on the merits is not here subject to review. In their agreement to arbitrate, the parties specifically authorized the arbitrators to pass upon the issue of damages. (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284.) VI. The amount of damages as well as the question of breach of contract was in issue before the arbitrators. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58.) VII. The award cannot be reviewed to determine whether the arbitrators reached correct conclusions of fact or applied correct rules of law. (*Fudickar* v. *Guardian Mutual Life Ins. Co.*, 62 N. Y. 392; *Cobb* v. *Dolphin Mfg. Co.*, 108 N. Y. 463; *Matter of Wilkins*, 169 N. Y. 494; *Matter of Goff & Sons, Inc. & Rheinauer*, 199 App. Div. 617.) VIII. The award contained no evident miscalculations of figures which would permit it to be modified under section 1462-a of the Civil Practice Act. (*Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392.)

LOUGHRAN, Ch. J. We must first say whether we have jurisdiction of this appeal.

The controversy had its source in a written contract for the sale of goods. The buyer claimed that deliveries made by the seller fell short of the contract specifications and on that ground

demanded damages of $9,909.99. On the seller's denial of liability, the dispute was submitted to arbitration in accordance with a provision for that procedure contained in the contract. The award of the arbitrators called upon the seller to pay the sum of $1,500 to the buyer in full settlement of the transaction between them, but charged to the buyer the total amount of the arbitration expenses — $230.

The buyer then petitioned Special Term for invalidation of the award or for modification and correction thereof, with the result that the item of damages assessed against the seller ($1,500) was increased to the sum of $9,909.99 for which judgment was entered in the buyer's favor. On appeal by the seller to the Appellate Division, the Special Term was reversed " upon questions of law " and the motion of the buyer was in all respects denied by a unanimous vote. Thereupon the buyer brought the case here through an appeal taken as of right. A motion by the seller to dismiss the appeal followed and now confronts us.

In the estimation of the seller, the effect of the reversal by the Appellate Division was a confirmation of the award and thus the equivalent of a unanimous judgment of affirmance which is not appealable of right. For that conception, *Matter of Pine Street Realty Co.* v. *Coutroulas* (258 N. Y. 609) is cited. In that case, the court at Special Term denied a motion to confirm an award and granted a motion to vacate it and to appoint another arbitrator; then on appeal to the Appellate Division the order was reversed, the award reinstated and judgment entered thereon. Such a reversal was taken by us to be tantamount to a judgment of affirmance as in a case where the Appellate Division reverses an order setting aside a verdict and reinstates the finding of the jury (*Markiewicz* v. *Thompson*, 246 N. Y. 235).

The situation here presented is altogether different. In the present proceeding, the court at Special Term did not vacate the award and order a new hearing. On the contrary, the court modified and corrected the award by increasing the amount thereof from $1,500 to $9,909.99, and ordered judgment to be entered accordingly. Upon the reversal of the judgment so directed, the Appellate Division did not reinstate the award made by the arbitrators, nor was any judgment ever entered

on the award; indeed no judgment could have been so entered, for no application for confirmation of the award was made by either party. From no viewpoint, then, was the present order of the Appellate Division the equivalent of a judgment of affirmance, but was merely an order of reversal — even under the test laid down in *Markiewicz* v. *Thompson* (*supra*).

For that reason, we do not reach the question whether the rule of the *Markiewicz* case has survived the counteractive legislative construction of section 7 of article VI of our State Constitution which was introduced into Civil Practice Act, section 588, subdivision 1, paragraph (c) by chapter 297 of the Laws of 1942. (See the Seventh Annual Report of the Judicial Council, pp. 503–504; and its Eighth Annual Report, p. 423. Cf. *Bencoe* v. *McDonnell*, 261 N. Y. 694; *Matter of Horowitz*, 247 N. Y. 578; *Matter of Friedheim* [*International Paper Co.*], 292 N. Y. 664.)

The seller propounds one other question of practice, namely: Does the order of the Appellate Division have the degree of finality that is requisite for the purposes of review by this court? In this State, arbitration proceedings are governed by article 84 of the Civil Practice Act. Section 1467 thereof says that " an appeal may be taken from an order made in a proceeding under this article, or from a judgment entered upon an award." In the present case, as we have said, there was no basis for the entry of a judgment upon the award and the Appellate Division's order of reversal merely denied the buyer's motion that the award be vacated or modified and corrected. (See Civ. Prac. Act, §§ 1462, 1462-a.) Such an order was plainly one that determined a special proceeding within the meaning of our State Constitution. (*Matter of Bond,* 290 N. Y. 739, 901. Cf. *Matter of Huxley,* 294 N. Y. 146, 148.). The seller cites *Matter of Arcadu* v. *Levinson* (250 N. Y. 355) as authority the other way. But the statutory phrase which dictated that decision was deleted by an amendment of Civil Practice Act, section 1467, made by chapter 210 of the Laws of 1942. (See Eighth Annual Report of the Judicial Council, p. 440.) No constitutional question is suggested at this point, for the lack of finality that defeated the appeal to this court in the *Arcadu* case was owing entirely to words of a statute. (See 250 N. Y. at p. 357.)

On this first branch of the case, then, our conclusion is that the appeal taken by the buyer to this court is rightly here. Accordingly the seller's motion for dismissal thereof is denied, and we pass to a consideration of the merits.

The stipulation for arbitration was in this form: " All controversies arising out of or relating to the contract, or any modification thereof, shall be settled by arbitration in accordance with the Arbitration Rules of The National Federation of Textiles, Inc., or its successors." The rules of that Federation made these provisions: " The award may * * * declare a contract breached in whole or in part; and/or award money damages in the alternative or otherwise; but the foregoing shall not limit the power of the arbitrators to grant any other remedy or relief which they deem just and equitable." Thus the authority of the arbitrators was not limited (as the buyer claimed) to an adjudication of a breach of the contract by the seller; it empowered them to assess the damages as well. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284.) Nor is there any substantial ground for the buyer's assertion of an " evident miscalculation of figures " such as would justify a modification of the award pursuant to Civil Practice Act, section 1462-a, subdivision 1. The amount of the buyer's damages was unliquidated and was disputed before the arbitrators. There was no error of computation unrelated to any exercise of judgment or discretion. The fairness of the arbitrators is not questioned. The award, as we believe, did not fail to give effect to their intent. In these circumstances, it is not for us to sit in judgment upon their settlement of the controversy.

The order should be affirmed, with costs.

LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Order affirmed.