1096

In the Matter of CITY OF NEW ROCHELLE, Appellant, Relative to Acquiring Title to Real Property in Said City. HENRY J. GUCKER et al., Respondents, et al., Defendants.—

On a prior appeal, a final order and judgment (one paper) was reversed, the report of the commissioners was set aside and a new hearing was directed to be held before new commissioners (275 App. Div. 964). It is the report of and the award by these commissioners which is the subject of this appeal. On this record such report is final and conclusive. (Condemnation Law, § 21; *Matter of Southern Blvd. R. R. Co.*, 143 N. Y. 253; *Matter of Prospect Park & C. I. R. R. Co.*, 24 Hun 199, appeal dismissed 85 N. Y. 489; *Matter of New York Elevated R. R. Co.*, 41 Hun 502.) There is no contention that there was lack of jurisdiction, irregularity in the proceeding or misconduct by the commissioners; nor is there any mistake in calculation disassociated from the exercise of judgment on the part of the commissioners. (*Matter of White Fashions [Susquehanna Mills]*, 295 N. Y. 450.) Defendants' Exhibits P and Q were part of an exhibit in the first appraisal, but they were not considered by the parties or the commissioners and no reference to them was made in the prior appeal. Were it not for the fact that the award is final and conclusive under the statute (Condemnation Law, § 21) upon all the parties interested, we would reverse on the ground that it is grossly excessive and shocks the conscience of the court. Johnston, Adel, Wenzel and MacCrate, JJ., concur; Carswell, Acting P. J., dissents and votes to reverse the order and judgment, to grant the motion to vacate the award of the commissioners, and to remit the matter for hearing before new commissioners. The award is grossly excessive and shocks the conscience of the court, and it is also contrary to law. [See *ante*, p. 1094.]

In the Matter of the Construction of the Will of FRED LINKE, Deceased. J. HOWARD McGRATH, Attorney General of the United States, as Successor to the Alien Property Custodian, Substituted in Place of SAMUEL A. SCHWEDOCK, Appellant; JEFFROY J. LEWIN, as Executor and Trustee under the Will of FRED LINKE, Deceased, et al., Respondents.—

The provisions of the will direct a suspension of the power of alienation of the residuary estate for a period measured by years and not by lives and, therefore, are void. The testator died intestate as to the residuary estate. The essential facts are no different in effect than those in *Matter of Roe* (281 N. Y. 541), and the principle stated in that case applies. Nolan, P. J., Adel and Schmidt, JJ., concur; Carswell, J., concurs in result; Wenzel, J., not voting.